# IRELAND *v.* WOODS, POLICE COMMISSIONER OF THE CITY OF NEW YORK.

## ERROR TO THE COURT OF APPEALS OF THE STATE OF NEW YORK.

No. 611.   Argued March 6, 1918.—Decided March 18, 1918.

The jurisdiction to review a state court judgment by writ of error under Jud. Code, § 237, as amended, is confined to cases in which the validity of a treaty or statute of, or authority exercised under, the United States was drawn in question, and the decision was against the validity; and those in which the validity of a statute of, or an authority exercised under, a State was drawn in question, on the ground of repugnancy to the Constitution, treaties or laws of the United States, and the decision was in favor of the validity.

When, however, the state court's judgment upholds the federal treaty, statute or authority, against the claim of invalidity, or denies the validity of the state statute or authority upon an attack based on federal grounds, or when the basis of this court's jurisdiction is a claim of federal title, right, privilege or immunity, decided for or against the party claiming, review can be had only by certiorari.

The writ of error is allowed as of right, in the cases designated therefor by the statute, when the federal question presented is real and substantial, and an open one in this court; but certiorari is granted or refused by this court in the exercise of its discretion. *Philadelphia & Reading Coal & Iron Co.* v. *Gilbert,* 245 U. S. 162.

The foregoing limitations apply in *habeas corpus* cases as in others sought to be reviewed under Jud. Code, § 237.

Where a person held for interstate rendition obtained *habeas corpus* upon the ground that he was not a fugitive from justice, basing the contention on a construction of the indictment as to the time of the offense charged and on his view of evidence offered by him touching the time of his presence in the demanding State and his opportunity to commit the offense, *held,* that the contention did not draw in question the validity of the authority exercised under the arresting State by its governor in issuing his warrant and in holding the petitioner for removal, but merely the correctness of the exercise, and that a judgment of the state court holding, on the indictment and

evidence, that petitioner was a fugitive, and dismissing the *habeas corpus*, could not be reviewed by writ of error under Jud. Code, § 237.

Writ of error to review 177 App. Div. 1; 221 N. Y. 600, dismissed.

THE case is stated in the opinion.

*Mr. George W. Wickersham*, with whom *Mr. Arthur C. Patterson* and *Mr. Henry Goldstein* were on the briefs, for plaintiff in error.

*Mr. Robert S. Johnstone*, with whom *Mr. Edward Swann, Mr. Robert D. Petty* and *Mr. Don Carlos Buell* were on the briefs, for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

A case in interstate rendition. Upon requisition of the Governor of the State of New Jersey, representing that Ireland, plaintiff in error, was charged in that State with the crime of conspiracy and with having fled therefrom and taken refuge in New York, the Governor of the State of New York issued his warrant requiring Ireland to be arrested and delivered to the agent of the State of New Jersey to be taken back to the latter State. By virtue of the warrant defendant in error, Woods, police commissioner of the City of New York, arrested Ireland.

After his arrest Ireland filed a petition in *habeas corpus* in the Supreme Court of New York County, State of New York, for his discharge from the custody of Woods, alleging that the arrest was illegal and that he was restrained of his liberty in violation of the provisions of subdivision 2 of § 2, Art. IV, of the Constitution of the United States, and of § 5278 of the Revised Statutes of the United States. The basis of the charge was that he

was not within the limits of the State of New Jersey at the times the alleged crimes were said to have been committed, nor was there any evidence, either before the Governor of New Jersey when that officer issued his demand upon the Governor of New York or before the latter when he issued his warrant, that he (Ireland) was within the limits of New Jersey at such times; and therefore it did not appear that he was a fugitive from the justice of New Jersey. And it was charged that it appeared on the face of the indictment that no crime under the laws of New Jersey was alleged or was committed.

Woods duly made return to the petition, to which were annexed the requisition of the Governor of New Jersey and the warrant of the Governor of New York.

Ireland traversed the return under oath, and denied that he had committed the crimes charged against him, or any crime; denied that he was within the State at the times that the indictment charged the crimes were committed, which he alleged to be the 1st of January, 9th of June and 12th of July, 1913, or that he was in the State at the time of the finding of the indictment; alleged that he examined a sworn copy of the requisition of the Governor of New Jersey and that it did not contain any evidence or proof that he, Ireland, was in that State on any day in any of the months set forth in the indictment; and he further denied that he was a fugitive from the justice of the State.

After a hearing, at which the papers which were before the Governor of New York at the time he issued his warrant were introduced in evidence (over the objection of Ireland), and certain oral testimony, including that of Ireland, an order was entered dismissing the writ. It was successively affirmed by the Appellate Division and the Court of Appeals. This writ of error was then sued out.

It is stated in the opinion of the Appellate Division, Judge Shearn speaking for the court, that the requisition

was honored upon the production of the necessary papers and that it was not claimed there was no sufficient showing before the Governor to warrant the exercise of his jurisdiction; the case depending entirely on the testimony that he, Ireland, was only three times in New Jersey, none of which times was charged in the indictment.

The court did not pass upon or even refer to the charge of the petition that his arrest was in violation of the Constitution of the United States or of § 5278, Rev. Stats. It rested its decision upon the 6th count of the indictment and the testimony of Ireland.

The 6th count charged that the offenses were committed "on or about the first day" of January, 1913, "and on divers other days between that day and the day of the taking of the Inquisition." And the court rejected the contention made by counsel that this was merely an allegation of a crime committed on January 1st and held that the dates set forth in the count defined a period of time during any part of which the offenses could have been committed, citing *Commonwealth* v. *Wood*, 4 Gray, 11; *Commonwealth* v. *Snow*, 14 Gray, 20; and held further that the indictment followed the common and accepted form of pleading a continuing conspiracy, adducing *Commonwealth* v. *Sheehan*, 143 Massachusetts, 468; *Commonwealth* v. *Briggs*, 11 Metc. 573; *Commonwealth* v. *Dunn*, 111 Massachusetts, 426.

Considering the effect of Ireland's concession that he was present in the State on at least three occasions during the period defined, the court held, upon the authority of certain cases, that there could be no question but that he was a fugitive from justice within the meaning of the extradition law for his presence there was not under conditions which established the impossibility of his participation in the conspiracy; that, although his stay was short on each occasion, there was an abundance of opportunity not only to confer with his alleged confed-

erates but to hand to them the letters of credit and bo-. gus checks which, it was alleged, were used to accomplish the overt acts.

It was not considered necessary to pass upon the contentions with respect to the five other counts of the indictment.

A motion to dismiss is made, the grounds of it being: (1) The judgment of the Court of Appeals is reviewable, if at all, only by certiorari. (2) It is not reviewable at all because under the limitation of the jurisdiction of the Court of Appeals it had no power to review or decide the question whether there was any evidence to show that Ireland was a fugitive from justice and that the Court of Appeals must be assumed not to have passed upon or to have decided the question whether Ireland was a fugitive from justice. Whether the assumption is justified or not we do not consider, on account of the view we entertain of the first ground of the motion, to which we immediately pass. To sustain it counsel adduces § 237 of the Judicial Code, as amended September 6, 1916, c. 448, 39 Stat. 726. It provides in what cases and how there can be a review of a judgment or decree of a state court by this court. It reads as follows: "A final judgment or decree in any suit in the highest court of a State in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of their validity, may be reëxamined and reversed or affirmed in the Supreme Court upon a writ of error."

When, however, the conditions are reverse, that is, when state court judgments affirm the national powers

against a contention of their invalidity or do not sustain the validity of the state authority against an attack based on federal grounds, there can be review only by certiorari. And the same manner of review is prescribed where any title, right, privilege, or immunity is claimed under the Constitution or any treaty or statute of, or commission held or authority exercised under, the United States, and the decision is either in favor of or against the claim set up.

The difference between the remedies is that one (writ of error) is allowed as of right where upon examination it appears that the case is of the class designated in the statute and that the federal question presented is real and substantial and an open one in this court, while the other (certiorari) is granted or refused in the exercise of the court's discretion.[1]

Coming, then, to consider what was involved in the decision of the courts below, it is manifest that the validity of no national enactment or authority was drawn in question nor, in the meaning of the section, the validity of a statute or authority of the State. There is no doubt of the right of the Governor of New Jersey to have demanded of the Governor of New York the extradition of Ireland, nor of the Governor of the latter State to have complied. Indeed, it was the duty of both so to act if the case justified it, and whether there was such justification was the only inquiry and decision of the courts below.

We said in *Champion Lumber Co.* v. *Fisher*, 227 U. S. 445, 451, that the validity of a statute of the United States or an authority exercised thereunder is drawn in question when the existence or constitutionality or legality of such statute or authority is denied, and the denial forms the subject of direct inquiry. A dispute of the facts upon which the authority was exercised is not a dispute of its

---

[1] *Twitchell* v. *Commonwealth*, 7 Wall. 321; *Spies* v. *Illinois*, 123 U. S. 131; *In re Kemmler*, 136 U. S. 436; *Philadelphia & Reading C. & I. Co.* v. *Gilbert*, 245 U. S. 165.

validity. See also *Foreman* v. *Meyer, Id.* 452. If there be no dispute about the facts, *Hyatt* v. *Corkran,* 188 U. S. 691, might apply. And necessarily the same principle and comment are applicable when there is drawn in question the validity of a statute of or authority exercised under a State.

In opposition to the motion to dismiss, plaintiff in error contends that a writ of error is the proper proceeding to bring to this court for review the final order or judgment of a state court in a *habeas corpus* proceeding. Undoubtedly, if the proper conditions of review by that writ exist as prescribed in the amended § 237 of the Judicial Code, *supra.* The argument of counsel to show that such conditions do exist in the instant case is somewhat roundabout. It begins by the assertion that the warrant under which Ireland was held in custody was an exercise of the authority of the State in that it was issued by the Governor pursuant to the provisions of § 827 of the Code of Criminal Procedure of that State. It is not necessary to quote it. It is simply the fulfillment by the State of New York of the Constitution of the United States and, it may be said, of § 5278, Rev. Stats. It enjoins the duty upon the Governor, when a requisition is made upon him by the Governor of another State, to issue his warrant for the arrest "of a fugitive from justice." It is upon the quoted words (which, we may say in passing, are a paraphrase of the provision of the Constitution of the United States and of § 5278, Rev. Stats.) that the argument of counsel dwells and terminates, the persistent contention being that Ireland is not such a fugitive and that the decision of the Supreme Court at Special Term and in the Appellate Division to the contrary was based on the construction of the New Jersey indictment—a pure question of law, it is contended, and that the effect the court gave to Ireland's presence in the State at the testified times is another question of law. "These questions

were reviewable in the Court of Appeals and are open to decision in this court," is the final insistence of counsel.

We are unable to assent to the latter part of the insistence. Questions of law which may be raised upon the indictment, the deductions from the facts which may be charged against the action of the Governor, do not impugn it or the validity of the statute which enjoined it. And surely the decisions of the courts of New York, one trial and two appellate, affirming the legality of his action, are not decisions against the validity of the authority he exercised.

There is a difference between a question of power to pass a law and its construction, and a difference between the endowing of an officer with authority and his erroneous exercise of that authority. As was said by Chief Justice Fuller, speaking for the court in *United States* v. *Lynch*, 137 U. S. 280, 285: "The validity of a statute is not drawn in question every time rights claimed under such statute are controverted, nor is the validity of an authority, every time an act done by such authority is disputed."

We think, therefore, that the writ of error must be, and it is,

*Dismissed.*