(No. 22263.—

The PEOPLE *ex rel.* Frank M. Carr, Appellant, *vs.* FRANK B. MURRAY, Sheriff, Appellee.

*Opinion filed June 15, 1934—Rehearing denied October 3, 1934.*

DeYoung and Herrick, JJ., dissenting.

J. E. GOEMBEL, FRANK H. HALL, and MAMMENGA & KERR, for appellant.

OTTO KERNER, Attorney General, S. DONALD CROWELL, State's Attorney, and J. J. NEIGER, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Ogle county quashing a writ of *habeas corpus,* and is brought to this court pursuant to the provisions of section 2 of chapter 60 of the Revised Statutes permitting a direct appeal.

The petitioner, a resident of Ogle county, was arrested in Chicago on Saturday, October 14, 1933, on an extradition warrant issued by the Governor of this State on requisition from the Governor of Wyoming. He was taken to a police station in Chicago and later to the bureau of identification, where he was examined, photographed, finger-printed, etc., after which he was turned over to the respondent, who is sheriff of Ogle county, taken to Oregon, Illinois, and lodged in the county jail of Ogle county about seven o'clock Sunday morning, October 15. On Monday morning, October 16, he was brought into the circuit court of Ogle county and was there fully advised of his rights pursuant to the provisions of the Fugitives From Justice act, and this petition for *habeas corpus* was filed in and writ issued from that court. The respondent, in a return and amended return to the writ, set forth the requisition from the Governor of Wyoming, with its supporting documents, and the warrant issued by the Governor of Illinois pursuant thereto. The next day the petitioner filed his traverse to the return, and later an amended traverse, whereby he contended, in substance, that the supporting papers from the Governor of Wyoming were not in due legal form; that the application for requisition was not made in good faith but as a matter of spite

and for some ulterior purpose other than the punishment of a crime; that he was not substantially charged with the commission of any crime, and that his prosecution was instigated for the purpose of inducing him to change his testimony in connection with an automobile accident said to have happened in Wyoming, to punish him for having testified as he claimed to have done at a certain coroner's inquest and preliminary hearing relating to said accident, and as a matter of spite and an effort "to get even with him" on account of said testimony.

The petitioner presented to the circuit court his motion, and supporting affidavit, for a continuance, asking for time to enable him to secure evidence for the purpose of proving the spite and ulterior purpose claimed by him to have motivated the requisition, which affidavit gave the names of two witnesses in Green River, Wyoming, by whom he claimed to be able to prove the facts. The motion for a continuance was denied by the circuit court and a hearing was had. The petitioner testified fully as to the matters set forth in his affidavit and gave evidence tending to show that the man whose check he is alleged to have forged had made certain threats against the petitioner and had indicated that he would find some way of "getting even" with him. He did not deny that he had forged the check in question nor that he was the person named in the requisition and warrant. Neither did he deny that he had been in Wyoming at the time the crime was alleged to have been committed nor that he had left there immediately afterward.

The requisition from the Governor of Wyoming, and its supporting exhibits, show that the petitioner is duly charged with the crime of forgery in that State upon an affidavit before a magistrate; that the offense with which he is charged is a crime under the laws of the State of Wyoming, and that the requisition is made in good faith for the purpose of prosecuting the petitioner for the crimi-

nal offense charged and for no other cause. It appears to be in all respects regular and in proper form. The warrant issued pursuant thereto by the Governor of Illinois is likewise in usual and proper form.

The petitioner urges five grounds for reversal in his assignments of error and briefs filed in this court, viz.: (1) A lack of jurisdiction in the circuit court of Ogle county; (2) that a continuance should have been granted to permit him to secure depositions from Wyoming in support of the facts shown by the affidavit; (3) that the requisition was not made in good faith; (4) that the documents supporting the requisition were not sufficiently formal; and (5) that the judgment is not sustained by the evidence. Points 2 and 3 overlap and will be considered together. Point 5 will not be considered, as there can be no occasion to multiply citations to the effect that the question of the guilt or innocence of the petitioner is not before us in this kind of a proceeding. *People* v. *Munie,* 354 Ill. 490.

It is provided by the Fugitives From Justice act that when a person is apprehended under a Governor's warrant he shall be produced in the circuit court of the county wherein he is arrested, or if in the county of Cook, then in the criminal court of that county, and that the judge of the court shall explain his rights and give him an opportunity to apply for *habeas corpus.* (Cahill's Stat. 1933, chap. 60, sec. 2, *et seq.*) It is argued from this statute that the only court having jurisdiction over the petitioner was the criminal court of Cook county. Under the constitution the circuit court of Ogle county is a court of general jurisdiction and had jurisdiction in this case unless it was in some way deprived thereof. The statute above mentioned does not purport to confer any new or additional jurisdiction upon the criminal court of Cook county nor to limit or deprive any circuit court of its usual and constitutional powers. It is conceded in this court

that the petitioner conferred jurisdiction upon the circuit court of Ogle county if that were possible, and that all questions of jurisdiction were waived so far as he might lawfully waive them. It is nevertheless argued that the venue was jurisdictional and could not be waived. Regardless of the weight which might be given to this contention in a criminal case, it cannot prevail here because this is a civil suit. It is a proceeding instituted by the petitioner for the protection of his own civil rights and liberty and not one by the government to punish him for a crime. (*Ex parte Tom Tong,* 108 U. S. 556, 27 L. ed. 458, 25 S. C. 871; *Cross* v. *Burke,* 146 U. S. 82, 36 L. ed. 896, 13 S. C. 22.) In a civil suit not local in character, if a person voluntarily submits his rights to a court of general and competent jurisdiction he is afterward estopped to deny that jurisdiction which he has himself invoked. *Grier* v. *Cable,* 159 Ill. 29.

It is contended by the petitioner that the court erred in refusing him a continuance in order that he might prove that the extradition was not sought in good faith but for an ulterior purpose. Specification 5 of section 2 of the Fugitives From Justice act gives as one of the reasons for the issuance of a writ of *habeas corpus,* "that the requisition is not made in good faith but is for some ulterior purpose other than the punishment of crime." In *People* v. *Baldwin,* 341 Ill. 604, we expressed doubt as to the validity of any statute seeking to extend the limit within which the courts of this State might inquire as to the purposes motivating a requisition from another State. That point, and the validity of specification 5 of section 2 of the Fugitives From Justice act, *supra,* is now called directly in question.

The return of fugitives from one State to another is a Federal and not a State matter, governed by the constitution of the United States and the act of Congress passed pursuant thereto. (U. S. const. art. 4, sec. 2; U. S. Rev.

Stat. 5278.) In these proceedings this court is bound by the decisions of the Supreme Court of the United States. (*People* v. *Baldwin, supra.*) That court has held that the duty to issue a warrant upon receipt of a proper requisition is ministerial, (*Kentucky* v. *Dennison,* 24 How. 66,) and that, although there is no authority whereby anyone may compel the Governor to issue his warrant if he refuses to do so, nevertheless the act is not a discretionary one. (*Drew* v. *Thaw,* 235 U. S. 432; *Kentucky* v. *Dennison, supra.*) It has also been held that upon receipt of a requisition the Governor of the asylum State has two questions to pass upon: (1) Is the person demanded substantially charged with crime against the laws of the demanding State by indictment or affidavit before a magistrate? and (2) Is he a fugitive from the justice of that State? (*Munsey* v. *Clough,* 196 U. S. 364; *Roberts* v. *Riley,* 116 id. 80; *Kentucky* v. *Dennison, supra.*) The first of these questions is one of law and the second is one of fact. (*Roberts* v. *Riley, supra.*) In the case we are now considering the second question is not involved and we have only to determine the first one. This determination must be made from the requisition and the accompanying or attached papers. *Compton* v. *Alabama,* 214 U. S. 1.

The statute here in question is not clear as to whose motive it is that is to be questioned or put in issue. If it is to be the motive of the complaining witness or party aggrieved by the alleged criminal act the point becomes immediately immaterial. It is not within the power of this State to decide for a sister State what motive shall be required from a complaining witness. If a State decides to prosecute on a complaint made or induced by ulterior motives it is entirely within her sovereign power to do so. If it is the motive of the Governor of the demanding State in making the requisition, the point is not only immaterial but inappropriate. His position as chief magistrate and the sovereignty of his State, which is equal

to our own, cannot be ignored. When a requisition is made it is not the act of some creditor or person holding a selfish private motive and who may have instigated the prosecution. It is the act of a sister State having sovereignty equal to our own, and it would not only be unseemly and discourteous to question its motive, but it would be destructive of and subversive of the clear intent and meaning of the Federal constitution to allow it to be done. A motive is not a physical object which can be seen, weighed or measured. When proved, it must either be a matter of express declaration or of circumstantial evidence. To permit it to be proved, or an effort to be made to prove it, would result in endless trials on vague and ill-formed issues, requiring witnesses and depositions from distant points, testifying to no conclusive purpose. To start along this path would so embarrass the enforcement of the constitutional provision as to amount, in many cases, to its total abrogation.

The Supreme Court of the United States has evidently considered this point so clear as to need no elucidation. In *Drew* v. *Thaw, supra,* Mr. Justice Holmes said on this point: "There is no discretion allowed—no inquiries into motives." In *Pettibone* v. *Nichols,* 203 U. S. 192, it was charged that there was fraud and conspiracy between the Governors of the demanding and asylum States. In that case the Supreme Court of the United States said: "We pass by, both as immaterial and inappropriate, any consideration of the motives that induced the action of the Governor of Colorado. This court will not inquire as to the motives which guide the chief magistrate of a State when executing the functions of his office." Later on in the same opinion the court said: "And any investigation as to the motives which induced the action taken by the Governors of Idaho and Colorado would, as already suggested, be improper as well as irrelevant to the real question to be now determined. It must be conclusively pre-

sumed that those officers proceeded throughout this affair with no evil purpose and with no other motives than to enforce the law." The same has been the holding of the State courts. *In re Sultan,* 115 N. C. 57, 44 Am. St. Rep. 433, 20 S. E. 375, 28 L. R. A. 294; *Ex parte Moyer,* 85 Pac. (Ida.) 897; *Commonwealth* v. *Superintendent of County Prison,* 220 Pa. 401, 69 Atl. 916, 21 L. R. A. (n. s.) 939; *Chase* v. *State,* 113 So. 103, 54 A. L. R. 271.

For the reasons and authorities above, we are of the opinion that specification 5 of section 2 of the Fugitives From Justice act as set forth above is in conflict with the intent and meaning of the constitution of the United States and is therefore void.

It is further urged there is a technical defect in the affidavit charging the commission of forgery, which it is not necessary for us to pass on. The only requirement of the Federal act is that the prisoner should be substantially charged with the commission of crime, and there is no necessity for technical exactness. *Munsey* v. *Clough, supra; People* v. *Munie, supra.*

It is also urged that the certificate of the clerk of the court in Wyoming attached to the requisition papers is not in due form as prescribed by act of Congress. This is not such a judicial order, judgment or decree as requires certification in accordance with the act of Congress. The certificate of authenticity by the Governor of the demanding State is sufficient. *Compton* v. *Alabama, supra.*

The judgment of the circuit court of Ogle county is affirmed.

*Judgment affirmed.*

DeYoung and Herrick, JJ., dissenting.