## MOREAUX v. FERRIN.

No. 6000. Decided March 29, 1940. (100 P. 2d 560.)

*Willard Hanson, Joseph R. Haas,* and *Stewart M. Hanson,* all of Salt Lake City, for appellant.

*Walter M. Critchlow,* of Salt Lake City, for respondent.

TURNER, District Judge.

The appellant in this action sued out a writ of habeas corpus in the District Court of Salt Lake County, State of Utah. He was in custody of the respondent by virtue of a warrant of arrest issued by the Governor of the State of Utah, on November 17, 1937, which warrant followed an extradition hearing before the Governor on a demand from California for the defendant who stood charged in California with the crime of grand theft.

Hearing on the habeas corpus was had before the District Court of Salt Lake County, on January 17, 1938, after which the writ of habeas corpus was ordered quashed and the appellant surrendered to the State of California. From the ruling of the District Court, appellant Edward J. Moreaux, appealed to this court.

The record of the hearing in the District Court discloses that the extradition hearing before the Governor of Utah was held on November 17, 1937, and it was agreed that the record should show that at the extradition hearing before

the Governor the said Edward J. Moreaux offered to show that he had committed no crime in California, and that he had committed no crime whatever; and specifically that he had not committed the crime intended to be set forth in the complaint.

At the hearing before the District Court it was agreed that the record should show that the Governor refused the request of said appellant, upon advice of the Attorney General's office and that of counsel representing the State of California at the hearing before the Governor. It was further agreed that the record should show that Mr. Moreaux was the person named in the information and that he was in the state of California at the time it is alleged in the complaint or information, whichever it may be termed, that the crime intended to be alleged therein was committed. After the foregoing stipulated facts had been dictated into the record, counsel for the appellant stated they would like to call Mr. Moreaux and have him testify; and that he would testify that he was in California at the time the alleged crime was committed; that he is the defendant, but that he committed no such crime in the State of California, nor any crime whatsoever. To this offer, an objection was made on the ground that it would be a conclusion; and further that it would be immaterial and irrelevant. To this proffer, the objection was sustained. Counsel for appellant then offered to prove that the prosecution was for the purpose only of attempting to extort money from the petitioner, Mr. Moreaux, and for no other purpose. To an objection interposed, the court sustained the objection. The court then ordered that the writ be quashed and that the petitioner be surrendered to the State of California.

The appellant assigns four errors, upon which he relies for a reversal of the judgment of the District Court. He also seeks that this court set forth the power and duty of our Governor in extradition matters. The assignments of error in general are: First, the court erred in sustaining the objection to proof that the appellant committed no crime in

California, and specifically did not commit the crime alleged in the affidavit or in the information. Second, that the court erred in refusing evidence offered to prove that the prosecution is for the purpose only of attempting to extort money from the said Moreaux. Third, the court erred in quashing the writ of habeas corpus. Fourth, the court erred in ordering the appellant surrendered to the State of California.

In order to dispose of the questions raised by this appeal and to outline the power and duty of the Governor of our state, when a sister state is demanding the return of an alleged fugitive, we believe it advantageous to discuss the general nature of extradition. The return of a fugitive from one state to another is governed by the Constitution of the United States and the Acts of Congress passed pursuant thereto. *People of the State of Illinois ex rel. Frank M. Carr, Appellant*, v. *Frank B. Murray, Sheriff*, 357 Ill. 326, 192 N. E. 198, 94 A. L. R. 1487; U. S. Const. Art. 4, par. 2; U. S. Revised Statutes 5278, 18 U. S. C. A. § 662. In extradition proceedings, this court is bound by the decisions of the Supreme Court of the United States. See *People* v. *Baldwin*, 341 Ill. 604, 174 N. E. 51.

The duty to issue a warrant upon receipt of a proper requisition is ministerial, and although there is no authority whereby any one may compel the Governor to issue his warrant if he refuses to do so, nevertheless, the act is not a discretionary one. *Drew* v. *Thaw*, 235 U. S. 432, 35 S. Ct. 137, 59 L. Ed. 302. It has been held that, upon receipt of a requisition, the Governor of the asylum state has but two questions to pass upon: (1) Is the person demanded substantially charged with a crime against the laws of the demanding state by indictment or affidavit, before a magistrate? (2) Is he a fugitive from justice? The first question is one of law, and the second one is one of fact. We believe this to be a proper statement of the questions confronting the Governor in extradition proceedings. We must assume that a sister state, in asking the return of one prop-

erly accused of committing a crime in that state, does so in good faith, and for proper motives and we must expect our sister states to look upon our demands with the same degree of regard. While this has not always been done, the comity between states for the preservation of law, order and justice requires all Governors to accede to this principle and perform their duty accordingly.

In *People of State of Illinois ex rel. McNichols* v. *Pease,* 207 U. S. 100, 112, 28 S. Ct. 58, 62, 52 L. Ed. 121, 126, the court said:

"When a person is held in custody as a fugitive from justice under an extradition warrant, in proper form, and showing upon its face all that is required by law to be shown as a prerequisite to its being issued, he should not be discharged from custody unless it is made clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States. We may repeat the thought expressed in Appleyard's Case [*Appleyard* v. *Massachusetts,* 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073], above cited, that a faithful, vigorous enforcement of the constitutional and statutory provisions relating to fugitives from justice is vital to the harmony and welfare of the states, and that 'while a state should take care, within the limits of the law, that the rights of its people are protected against illegal action, the judicial authorities of the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state.' "

The appellant, Edward J. Moreaux, does not claim the papers presented to our Governor are not regular or properly drawn. He does not contend that he is not properly charged with violation of a law of the State of California. Therefore, the first problem that might be raised in extradition proceedings is not before us in this appeal.

The record also discloses, by stipulation, that Edward J. Moreaux is the defendant sought by the State of California, and that he was in the State of California at the time the alleged crime was committed. We

believe that the record therefore disposes of the second question with which the Governor may be confronted. *Ryan* v. *Rogers*, 1913, 21 Wyo. 311, 132 P. 95.

*In Re Gundy*, 30 Okl. Cr. 390, 236 P. 440, 442 is the following:

"To be a fugitive from justice within the meaning of the federal law it is sufficient that such person legally charged in the demanding state with the commission of a crime within said state, when sought to be subjected to its criminal process for said offense, has left its jurisdiction and is found within the jurisdiction of another state upon whose executive requisition is made. When it is shown that a person is in due and legal form charged with a crime in one state, and that he was corporeally present in that state at the time of the commission of the crime charged, it is then conclusively established that such person is a fugitive from justice within the meaning of the Constitution.

"It is well settled that a person may be a fugitive from justice within the meaning of the provisions of the federal Constitution and laws concerning extradition, though at the time he left the demanding state he had no belief that he had violated its criminal laws, and though he did not consciously flee from justice in order to avoid prosecution for the crime with which he is charged. *Appleyard* v. *Massachusetts*, supra."

The Governor of a state on whom requisition is made for the return of an alleged fugitive from justice may determine whether the alleged criminal is a fugitive from justice. The Governor found the appellant was a fugitive from justice and granted the writ. From the facts admitted before the Governor and also stipulated to before the District Court, we are compelled to find that the appellant was a fugitive from justice as the term "fugitive from justice" has been defined by the courts almost unanimously in passing upon this question in this kind of a case.

Habeas corpus is an appropriate proceeding to determine whether accused is subject to be taken as a fugitive from justice from the state in which he is found to the state whose laws he is charged with having violated. A petitioner for habeas corpus seeking to defeat extradition has the burden of establishing that he is not a fugitive

from justice. An admission by the petitioner that he was in the state where the alleged crime was committed, at the alleged time of the commission thereof, and that he left the state and came to the asylum state; and that he is the person sought, is an admission of all the necessary essential elements for proper determination that he is a fugitive from justice. Habeas corpus is not the appropriate method or proceeding in which to try the question of alibi, or any question concerning the guilt or innocence of the accused.

The Governor and the District Court denied the appellant the right to prove that the extradition was not sought in good faith, but for an ulterior purpose. The motive of the complaining witness, or a party aggrieved, is immaterial. The Supreme Court of the United States has evidently considered this point, so well settled, as to need no elucidation. In *Drew* v. *Thaw*, 235 U. S. 432, 35 S. Ct. 137, 138, 59 L. Ed. 302, Mr. Justice Holmes, said on this point:

"There is no discretion allowed, no inquiry into motives."

On this subject in *People ex rel. Carr* v. *Murray,* supra, 357 Ill. 326, 192 N. E. 198, 200, 94 A. L. R. 1487, Mr. Justice Shaw very ably states the law and gives sound reasons supporting it, to wit:

"It is not within the power of this state to decide for a sister state what motive shall be required from a complaining witness. * * * If it is the motive of the governor of the demanding state in making the requisition, the point is not only immaterial but inappropriate. His position as chief magistrate and the sovereignty of his state, which is equal to our own, cannot be ignored. When a requisition is made it is not the act of some creditor or person holding a selfish private motive and who may have instigated the prosecution. It is the act of a sister state having sovereignty equal to our own, and it would not only be unseemly and discourteous to question its motives, but it would be destructive of and subversive of the clear intent and meaning of the Federal Constitution to allow it to be done."

We are of the opinion, therefore, that the District Court did not err in ruling as it did at the hearing on habeas cor-

pus. Finding no error, the lower court is sustained. Respondent shall recover costs.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.

McDONOUGH, J., being disqualified, did not participate herein.