5 So.2d 828

### STATE v. PARRISH.

7 Div. 671.

Supreme Court of Alabama.

Oct. 16, 1941.

Thos. S. Lawson, Atty. Gen., and John J.
Haynes and William H. Loeb, Asst. Attys.
Gen., for the petition.

10

Scott & Dawson and C. A. Wolfes, all of Fort Payne, opposed.

THOMAS, Justice.

This is a petition for a writ of certiorari to review the judgment of the Court of Appeals without an opinion in an extradition case.

Extradition of petitioner for habeas corpus was duly requested by the Governor of Georgia for the willful burning of a house on the Alabama-Georgia State Line, in order that the alleged offender might be brought to a proper trial in Georgia where the crime was committed. This demand was duly acceded to by the Governor of this State where the alleged defendant lived. This is all shown by the returns of the sheriff to the writ of habeas corpus. That is to say, a matter of State sovereignty is shown to be involved in this decision. See Article IV, § 2, cl. 2 of the Federal Constitution.

■ Obviously any State statutes bearing on this subject must complement or enforce this federal constitutional provision and statute, and any inconsistency therewith is obviously void. Ex parte Roberts, 186 Wash. 13, 56 P.2d 703.

■ It therefore follows that in all extradition cases the first question must be: Has the mandate of the Federal Constitution been given effect? After that question is answered affirmatively, the question of conformity of the procedure with State statutes is pertinent.

In the case at bar, the State of Alabama, as it were for the State of Georgia, has applied for a writ of certiorari to the Court of Appeals from a judgment affirming the action of the Probate Judge in releasing the petitioner on a writ of habeas corpus, who was held under a warrant issued by the Governor of Alabama as the result of a due request from the Governor of Georgia for the extradition of said petitioner.

Under the Federal Constitution, the State of Georgia has the right to "demand" that a petitioner "be delivered up to be removed" to Georgia. The Probate Judge denied Georgia's request and released the petitioner. The Court of Appeals affirmed this action of the Probate Judge without an opinion. Can Georgia be denied this right, guaranteed to it in a proper case under the Constitution of the United States and statutes, without the benefit of a ruling on the facts by this Court, by the mere judgment of the Court of Appeals without an opinion?

■ The question of extradition is treated with elaborate notes in United States Code Annotated, Constitution, Part 2, art. 2, § 2, cl. 2, and several questions material to this inquiry are noted. Pertinent references therein contained are:

"The constitutional provision relating to fugitives from justice, as the history of its adoption will show, is in the nature of a treaty stipulation entered into for the purpose of securing a prompt and efficient administration of the criminal laws of the several states—an object of the first concern to the people of the entire country, and which each state is bound, in fidelity to the Constitution, to recognize. Appleyard v. Massachusetts (Mass.1906) 203 U.S. 222, 27 S.Ct. 122, 51 L.Ed. 161, 7 Ann.Cas. 1073. See, also, McNichols v. Pease (Ill. 1907) 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121.

" 'This provision of the Constitution of the United States, requiring the surrender of fugitives from justice, *is in the nature of a treaty stipulation between the States of the Union, and it is equally binding upon each State, and all of the officers thereof for its faithful execution, as though it was a part of the constitution of each State,* whether Congress had passed laws relating thereto or not.' Hibler v. State (1875) 43 Tex. 197. See, also, to same effect Ex parte Bergman (1910) 60 Tex.Cr.R. 8, 130 S.W. 174." [Italics supplied.]

It has been suggested that there is pertinent analogy to be found in Ornelas v. Ruiz, 161 U.S. 502, 503, 16 S.Ct. 689, 690, 40 L.Ed. 787, wherein it was insisted that the Consul of the Republic of Mexico, not a party to a habeas corpus proceeding seeking discharge of the petitioner from the custody of the Marshal of the United States in extradition proceedings in the District Court of the United States for the Western District of Texas, was without authority to appeal from the order of the court discharging the petitioner. Answering this contention, Mr. Chief Justice Fuller states: "The republic of Mexico applied for the extradition of these petitioners by complaints made under oath by its consul at San Antonio, Bexar county, Tex., under section 5270 of the Revised Statutes [18 U.S.C.A. §§ 651, 652]. The official character of this officer must be taken as sufficient evidence of his authority, and, as *the government he represented was the real party interested* in resisting the discharge, the appeal was properly prosecuted by him on its behalf. [Mali v. Hudson County Common Jailkeeper] Wildenhus Case, 120 U.S. 1, 7 S.Ct. 385, [30 L.Ed. 565]. * * *" [Italics supplied.] Cleugh v. Strakosch, 9 Cir., 109 F.2d 330, 332.

It is indicated by the authorities in this and other States that the relation akin to a

treaty right as to the parties at interest exists as between the States; and that the same rule applies as to the real parties at interest. Such observations were made in Ex parte State of Alabama (In re Mohr), 73 Ala. 503, 509, 49 Am.Rep. 63; Taylor v. Taintor, 16 Wall. 366, 21 L.Ed. 287; Appleyard v. Massachusetts, 203 U.S. 222, 227, 27 S.Ct. 122, 51 L.Ed. 161, 7 Ann.Cas. 1073; People of State of Illinois ex rel. McNichols v. Pease, etc., 207 U.S. 100, 28 S.Ct. 58, 52 L. Ed. 121. The contrary view expressed in State of Tennessee v. Hamilton, 28 Ala.App. 587, 190 So. 306, by our Court of Appeals has not had the sanction of this Court. However this may be, it will be noted that this question is treated with extended notes in United States Code Annotated, Constitution, Part 2, art. 4, § 2, cl. 2.

■ There can be no question that interstate extradition, as distinguished from international extradition, is a right guaranteed a State adopting the Federal Constitution and its Article IV, Sec. 2, cl. 2. Commonwealth of Kentucky v. Dennison, 24 How. 66, 103-107, 16 L.Ed. 717; Appleyard v. Commonwealth of Massachusetts, 203 U.S. 222, 227, 228, 27 S.Ct. 122, 51 L.Ed. 161, 7 Ann.Cas. 1073; Innes v. Tobin, 240 U.S. 127, 131, 36 S.Ct. 290, 60 L.Ed. 562; Ex parte Roberts, 186 Wash. 13, 56 P.2d 703. This right of a State is given effect by 18 U.S.C.A. § 662, and the provisions of this Act have been held to "supersede all state legislation upon the same subject." Prigg v. Commonwealth of Pennsylvania, 16 Pet. 539, 617, 10 L.Ed. 1060; Innes v. Tobin, supra.

■ It is conceded that in all cases involving interstate extradition, State courts are bound by the decisions of the Supreme Court of the United States touching this pertinent constitutional and statutory right. South Carolina v. Bailey, 289 U.S. 412, 419, 420, 53 S.Ct. 667, 77 L.Ed. 1292; People ex rel. Carr v. Murray, 357 Ill. 326, 331, 332, 192 N.E. 198, 94 A.L.R. 1487; Moreaux v. Ferrin, 98 Utah 450, 454, 100 P.2d 560; Ex parte Roberts, supra. And to a right application of the Federal Constitution and statutes dealing with this subject, the decisions *"have not been construed narrowly and technically * * * but liberally to effect their important purpose * * *."* [Italics supplied.] Biddinger v. Commissioner of Police, 245 U.S. 128, 133, 38 S.Ct. 41, 43, 62 L.Ed. 193; South Carolina v. Bailey, supra.

■ Therefore, in all extradition cases the primary question is whether the Federal Constitution and the statutes enacted thereunder have been given effect under the liberal construction given them by the Supreme Court of the United States. Ex parte Roberts, 186 Wash. 13, 56 P.2d 703.

■ At the threshold of this inquiry we are met with the objection that this Court can not review the questions presented in this case by reason of the failure of our Court of Appeals to render an opinion in support of its action as a conclusion of fact from the evidence to which the law must be applied. From the authorities set out and the others collected in 22 Amer. Jur. page 248, Extradition, Section 8, it is obvious that the question of whether the judgment of the Court of Appeals is correct in this case is primarily a federal question and must be determined from the whole record before us on petition for certiorari.

■ As we have indicated by the foregoing, the State of Georgia is in truth and in fact an interested party to this proceeding under the Federal Constitution and statutes, and we repeat the question here: Can the State of Georgia be denied the federal rights guaranteed to it without the benefit of a ruling on the facts by this Court, by reason of our Court of Appeals rendering a judgment and failing to render an opinion in this case on the facts to which the Constitution, statutes and Federal decisions are applied?

■ The provisions of Section 237 (b) of the Federal Judicial Code, 28 U.S.C.A. § 344 (b), as interpreted by the Supreme Court of the United States, are broad enough to authorize the State of Georgia to obtain a writ of certiorari to the Supreme Court of the United States in the event this Court should deny the writ of certiorari under the facts that warrant such redress. Ireland v. Woods, 246 U.S. 323, 38 S.Ct. 319, 62 L.Ed. 745. For this Court to hold that it may not review the whole record in the case at bar because the Court of Appeals of this State rendered judgment without an opinion is to place the Supreme Court of this State in a position of impotence, not contemplated by the Federal Constitution or the Constitution and laws of this state.

See our recent cases of Jones v. State, 237 Ala. 614, 188 So. 384; Rutherford v. State, 237 Ala. 613, 188 So. 385.

■ The appeal in this case to the Court of Appeals was taken under the

provisions of the General Act of 1927, General Acts 1927, page 76, as amended by General Act of 1936, General Acts 1936, Extra Session, page 81, now Code of Alabama 1940, Title 15, Section 369. The pertinent provisions thereof are that upon appeal "the appellate court shall consider the case on the record and the evidence as set forth, and if the judgment of the trial court is correct, the case shall be affirmed; if erroneous, the appellate court shall render such judgment as the trial court should have rendered." General Acts 1936, Extra Session, page 81. There is nothing in this statute or the extradition statutes, federal or state, which would indicate that this right of a just and full review of the record is to be limited to the findings of our Court of Appeals. The responsibility of the appellate court in such cases is to "render such judgment as the trial court should have rendered." This is established in McCarter v. City of Florence, 213 Ala. 367, 104 So. 806.

■■■■ It was never contemplated by the Federal Constitution or statutes, or by the Legislature of this State which created the Court of Appeals, that such court should have the power or *authority to finally determine questions of a constitutional nature.* Specific prohibition against the nullifying of a statute for constitutional reasons by the Court of Appeals is to be found in the statute. Code 1940, Title 13, §§ 87–98. And Code 1940, Title 13, § 95, specifically provides that "the decisions and proceedings of such court of appeals shall be subject to the general superintendence and control of the supreme court." The rule heretofore established (and to which we have adverted), regarding the right of review of decisions of our Court of Appeals where no opinion was rendered by that Court, will not be so extended as to permit that Court to preclude a full examination of the facts and decisions by this Court upon Federal questions.

In the first case decided by this Court, holding that it would not review the findings of fact by the Court of Appeals [Ex parte Louisville & Nashville R. Co., 176 Ala. 631, 58 So. 315, 317], it was recognized that the decisions of the Court of Appeals should be final "except perhaps in * * * extreme instances not necessary to now mention."

After all that may be said on this phase of the case, it was never contemplated by the Legislature of this State which created the Court of Appeals, that such court should have the power or authority to finally determine constitutional questions and conclude a review of such determination by the form of its judgment without an opinion. Specific prohibitions are found in the statutes dealing with that court against the nullifying of a statute for constitutional reasons. The rule to which we have adverted regarding the right of review of decisions of our Court of Appeals where no opinion was rendered by that court, should not be so extended as to permit the Court of Appeals to preclude a decision by this Court upon federal questions.

We turn to the record in this case to see whether the State of Georgia has been denied any rights accorded it under the Federal Constitution and laws of Congress. From the record it appears that extradition of Ralph Parrish, petitioner in the trial court, was duly requisitioned by the Governor of Georgia for the willful burning of a house on the Alabama-Georgia State line, in order that the alleged offender might be brought to a proper trial in Georgia. This demand was duly acceded to by the Governor of this State. Thereupon, said petitioner was arrested by the Sheriff of DeKalb County. He then sought a writ of habeas corpus from the Probate Judge. All of this is shown by the returns of the Sheriff to the writ of habeas corpus.

The record shows that the house alleged to have been wilfully and unlawfully burned was located mainly in Georgia (a corner thereof extending across the line about eight feet into Alabama to enable the Alabama Power Company to maintain electric service). It is without dispute that the entrances to that building, and the point of setting the fire thereto by the culprit in a waste paper basket by the refrigerator, were in that part of the house located in Georgia. Immediately theretofore the owner and an employee in that place of business, and the petitioner in habeas corpus, had an altercation on the Georgia side of the line and in which petitioner received personal injuries; that the automobile of the owner of the place of business was damaged and that he "went for the law"; and while he was away the house was set on fire. Petitioner went therefrom to another "joint", a short distance away in Georgia, had his wounds treated, sought a pistol to avenge himself and when persuaded to desist, went through the woods to the Alabama side of the line, about the time the house was in full blaze.

The petitioner in habeas corpus, as a witness in his own behalf, did not deny that the building was set on fire as declared by the State's eye-witness. He merely denied *seeing* the house ablaze while he was at Sonny's Place and said that he did not know it had burned until that evening. He testified that he entered and went out of the building on the Alabama side of the line. The weight of the testimony, however, was that there was no entrance to the building on the Alabama side of the line; that the difficulty between the owner and the petitioner occurred on the Georgia side, and that he went out of the building to Sonny's Place after the difficulty on the Georgia side. Observation of the fact that the house in question was ablaze being made at Sonny's Place, petitioner immediately crossed from Sonny's Place into Alabama. There was no dispute in the evidence as to the time, place and origin of the fire and of the identity of petitioner as being the last person in the house before it was enveloped in flames, and the circumstances were such as to raise the inference that its destruction was by human agency.

In 22 C.J.S., Criminal Law, §§ 133 and 134, pages 217–219, it is declared that courts of a particular sovereignty have no extra territorial jurisdiction of offenses committed outside of their territorial jurisdiction; and on worthy authority it is declared that some offenses partly committed abroad may nevertheless be within the jurisdiction of a local court. The question of the guilt or innocence of such a defendant is not to be determined on habeas corpus.

To constitute one a fugitive from justice from a given State under the decisions, it is essential that such person having been within the demanding State and committed a crime therein shall have left it and be found within the jurisdiction of the State from which his return is demanded. At the conclusion of the report of the case of State ex rel. Lea v. Brown, 166 Tenn. 669, 64 S.W.2d 841, affirmed, 292 U.S. 638, 54 S.Ct. 717, 78 L.Ed. 1491, in 91 A.L.R. 1246, 1262, there is an annotation entitled: "One not in demanding State at time of offense, but who afterward entered and left State, as fugitive from justice within extradition law." All of the cases both from this State and elsewhere are there collected. Ex parte State of Alabama (in re Mohr), 73 Ala. 503, 49 Am.Rep. 63. See Code of Ala. 1940, Tit. 15, § 52.

Since admittedly petitioner entered Georgia and the crime was committed in Georgia, he is subject to extradition. Whether he is guilty of the offense charged is a matter for consideration by the Georgia courts.

On the authority of the cases from this jurisdiction and the statute as contained in Acts of 1931, pages 559, 563, Code 1940, Tit. 15, § 67, the guilt or innocence of a person as to the crime with which he is charged (in the extradition papers) may not be inquired into by the Governor, or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form has been presented to the Governor, except as it may be (1) material in identifying the person charged, and (2) that he was or was not a fugitive from justice. The recital of jurisdictional facts in the respective Governors' warrants issued on requisition of the Governor of another State for the arrest of a fugitive from justice is held to be prima facie evidence of such fact. Ex parte Thacker, 212 Ala. 3, 101 So. 638; Thacker v. State, 20 Ala.App. 302, 101 So. 636; Singleton v. State, 144 Ala. 104, 42 So. 23; Pool v. State, 16 Ala.App. 410, 78 So. 407.

In the Singleton case, 144 Ala. 104, 42 So. 23, it is settled that a prima facie case that the prisoner is legally held is made out when the return to the writ of habeas corpus shows a due demand and requisition for the prisoner by the executive of another State from which he has fled, "a copy of the indictment found or affidavit made before a magistrate, charging the alleged fugitive with the commission of crime, certified as authentic by the executive of the state making the demand; * * * the warrant of the Governor authorizing the arrest." When these facts are made to appear in papers duly exhibited, there is a weight of authority, state and federal, to the effect that the person charged is prima facie under legal restraint. Ex parte Paulk, 225 Ala. 420, 143 So. 585. To like effect is the holding in Barriere v. State, 142 Ala. 72, 39 So. 55; Petition of Germain, 258 Mass. 289, 155 N.E. 12, 51 A.L.R. 793; Compton v. State, 152 Ala. 68, 44 So. 685; Ex parte State of Alabama (In re Mohr), 73 Ala. 503, 49 Am.Rep. 63.

When the laws that obtain are applied to the facts indicated, it is not permitted to deny the right of review in habeas corpus cases under the Constitution of the United

States by the mere affirmance of the judgment of the Probate Court without an opinion by the Court of Appeals. The fact that such habeas corpus was granted in the lower court and affirmed in the Court of Appeals without an opinion, does not change the law to be applied and a proper review thereof by this Court must obtain, as if the habeas corpus had been denied by the Court of Appeals with opinion. The writ of certiorari should be granted to the end of a full and fair investigation of the facts under the application of the Federal Constitution, the Acts of Congress and our laws to such facts and laws that obtain and which must be applied thereto.

 The tendency of the recent decisions is to review in habeas corpus the law and facts and certainly this right is incident to appellate jurisdiction in extradition and will be exercised by the Supreme Court of the United States. However this may be, we are convinced that upon this record and evidence, the right of extradition between Georgia and Alabama is clearly shown *in the nature of a treaty obligation* under our decisions which should have been recognized and enforced by the lower court, by the Court of Appeals and by this Court.

 And may I acknowledge that my attention is called by Mr. Justice Brown to the fact that the Trial Judge has misplaced the burden of proof on the State, whereas it should be on the petitioner. The record shows that due request for requisition by the Governor of Georgia on the Governor of Alabama, and due accession thereto by the Governor of Alabama, were in accordance with the Federal law and those of this State. The sheriff's return which shows this made a prima facie case by the State and cast the burden of proof on the petitioner to show that he was not a fugitive from justice.

I wish to make due acknowledgment to the able Attorney General and his Assistants for their contribution to a right decision on this important Federal question.

It results, therefore, that the writ of certiorari is granted and the judgments of the Probate Court and the Court of Appeals are reversed and one hereby rendered for the State of Alabama.

Writ granted; reversed and rendered.

All the Justices concur, except KNIGHT, J., not sitting.