TAYLOR, Judge.
The State of Mississippi, through its governor, undertook to extradite petitioner, Darrel Wayne Raley, from Alabama. Submitted with Mississippi’s request were the indictment, an arrest warrant charging Ra-ley with conspiracy to possess marijuana with intent to distribute, and the governor’s request for extradition.
Appellant filed a petition for writ of ha-beas corpus in Mobile on May 13, 1983. A hearing was held and the petition was denied on June 30, 1983. Petitioner appeals.
Sergeant Terry Bulloch of the Pascagou-la, Mississippi, Police Department appeared as a state’s witness. He testified that he had seen and talked with the appellant on previous occasions and also knew the appellant’s father. He testified that his investigations showed that the appellant, who was present in the courtroom, was the same Darrel Raley who was named in the governor’s warrant and that “he is the one that we want for smuggling marijuana.”
The United States Supreme Court, in Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), held that once the governor of the asylum state has granted extradition to a demanding state, then a court of the asylum state, considering release on habeas corpus, can do no more than decide (1) whether the extradition doc *205 uments on their face are in order, (2) whether the petitioner has been charged with a crime in the demand state, (3) whether the petitioner is the person named in the request for extradition, and (4) whether the petitioner is a fugitive.
Due to the inherent individual rights involved, the federal statutory and constitutional provisions regulating interstate extradition and habeas corpus are controlling, exclusive of state power. Innes v. Tobin, 240 U.S. 127, 36 S.Ct. 290, 60 L.Ed. 562 (1916). Additionally, in Doran, supra, the Supreme Court held that the courts of an asylum state are bound by Article IV, § 2, of the United States Constitution, by 18 U.S.C. § 3182, and where adopted, the Uniform Criminal Extradition Act. 439 U.S. at 288. See also, State v. Parrish, 242 Ala. 7, 5 So.2d 828 (1941); Rayburn v. State, 366 So.2d 698 (Ala.Crim.App.1978), affirmed, 366 So.2d 708 (Ala.1979), Ala.Code § 15-9-47 (1975).
The determination of probable cause is a matter left in the hands of the judicial system of the demanding state; the judicial system of the asylum state is without power to review that determination.
The indictment and arrest warrant in the instant case present sufficient proof that the determination of probable cause has been made. Appellant’s arguments that he is a different person and that he was not in Mississippi when the crime was committed are not properly addressed to this tribunal. When the requisition has been attested and acted upon by the governor, the burden is upon the appellant to overcome the prima facie proof of the existence of every fact which the governor was obliged to determine before issuing the extradition warrant. Krenwinkel v. State, 45 Ala.App. 474, 232 So.2d 346 (1970).
Accordingly, the circuit court's denial of appellant’s petition for writ of habeas corpus is due to be affirmed.
AFFIRMED.
All the Judges concur.