456 So.2d 362 (1984)
Ex parte Dennis DUNCAN.
(Re Dennis Duncan v. State of Alabama).
83-75.
Supreme Court of Alabama.
September 7, 1984.
Thomas M. Semmes, Anniston, for petitioner.
Charles A. Graddick, Atty. Gen., and Patricia E. Guthrie, Asst. Atty. Gen., for respondent.

ON REHEARING
PER CURIAM.
The original opinion in this cause is withdrawn and the following opinion is substituted in lieu thereof. The crucial question is: Did the prosecution deny the defendant a fair trial when it failed to produce a *363 laboratory report which the defendant claimed contained exculpatory evidence?
Petitioner Dennis Duncan was convicted on four charges of criminal mischief in the first degree by the trial judge, who heard the case without a jury. He was sentenced as a youthful offender to concurrent terms of eighteen months and required to make restitution of one-third of the total amount of damages as a condition of probation. The Court of Criminal Appeals, 456 So.2d 359, affirmed his conviction and denied his application for rehearing. We granted certiorari to review his claim that the prosecution failed to produce before the trial a report of certain laboratory findings which were exculpatory in nature.
Evidence presented at trial showed that the Anniston police had received a call indicating that three black males were slashing tires in the car lot of Toyota of Anniston. Officer Billy F. Lett arrived on the scene and found numerous damaged tires. He then proceeded to Wilson's Pontiac-Cadillac as well as Superior Oldsmobile-Cadillac. At both places, Officer Lett found damaged tires, with some continuing to leak air. He saw no individuals at either of these places of business.
Officer Lett next proceeded to Pee Wee Turner's used car lot, where he observed petitioner and two other black males standing by a van which had damaged tires. He further observed one subject (not petitioner) drop an object by that van. Two knives were found beside it.
On application for rehearing in the Court of Criminal Appeals, pursuant to Rule 39(k), Ala.R.App.P., petitioner requested the Court to make the following additional findings of fact:
"The City of Anniston's Police Laboratory examined the knives that were taken from the scene and the laboratory examination revealed that the black substance on the knives was inconsistent with, or was not rubber from the sidewalls of the tires. Both knives had black substances on them and both knives cam[e] back from the laboratory as negative from any substance from rubber of the side wall tires."
The "laboratory examination" was not produced by the prosecution before trial. The existence of the "examination" was apparently discovered when Officer Lett was cross-examined. Petitioner, at that time, failed to make a specific request for the material. His request was a general one.
Our duty is to determine whether Duncan received a fair trial as mandated by the Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution. The United States Supreme Court in Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), held:
"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."
In addressing the request for disclosure, the United States Supreme Court has stated:
"But if the evidence is so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce, that duty should equally arise even if no request is made. Whether we focus on the desirability of a precise definition of the prosecutor's duty or on the potential harm to the defendant, we conclude that there is no significant difference between cases in which there has been merely a general request for exculpatory matter and cases, like the one we must now decide, in which there has been no request at all."
United States v. Agurs, 427 U.S. 97, 107, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976). In some circumstances, the duty to disclose could arise in the absence of a specific request, because of the exculpatory character of the evidence which, if suppressed, would render a fair trial impossible and a constitutional violation inevitable.
*364 Neither Brady nor Agurs requires disclosure of exculpatory evidence, before trial, as a matter of course.
Unquestionably, petitioner knew of the allegedly exculpatory "examination" report during his trial, but he made no motion that it be produced, did not request a continuance, and did not otherwise attempt to preserve any alleged error for review. Furthermore, the issue of the prosecution's failure to timely disclose the allegedly exculpatory evidence was first raised in petitioner's application for rehearing before the Court of Criminal Appeals. In Haynes v. State, 293 Ala. 221, 301 So.2d 208 (1974), this Court held:
"Notwithstanding our cases which hold that a ground of an application for rehearing, not argued or suggested until after an opinion and decision, cannot be considered ..., such is not the rule when a `federal question' is involved. We have long held that we can, and will, review a decision of one of the Courts of Appeal on a `federal question' even though there is no written opinion of that court in the cause. See: State v. Parrish, 242 Ala. 7, 5 So.2d 828 (1941).... The more the reason then, that we should review a `federal question' when an opinion is written which fails to deal with, and treat, such a question."
Id., 293 Ala. at 223, 301 So.2d at 209-10. See also Duke v. State, 288 Ala. 538, 263 So.2d 170 (1971). Although we could review petitioner's claim, we decline to do so under the circumstances. The case was tried without a jury, and the making of a motion for production of the laboratory report, or for a recess or continuance, would have been a simple matter.
As we understand the Agurs test, a prosecutor's alleged duty to disclose information depends upon (1) a review of the facts, and (2) the significance of defense counsel's failure to request the material.
Applying the Agurs test, we hold that petitioner has failed to demonstrate that he was prejudiced by the prosecution's failure to disclose the laboratory report. Agurs states that "if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed." In Agurs, the Court also stated that "[t]his means that the omission must be evaluated in the context of the entire record." Having evaluated the omitted evidence in light of the Agurs standard, we find no violation of petitioner's constitutional rights. The judgment of the Court of Criminal Appeals, which reached the same conclusion, is due to be affirmed.
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, SHORES and BEATTY, JJ., concur.
FAULKNER, JONES, EMBRY and ADAMS, JJ., dissent.
EMBRY, Justice (dissenting):
The circumstances of this case immediately question whether Dennis Duncan has indeed received a fair trial as mandated by the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution. The United States Supreme Court in Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), held:
"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."
In addressing the request for disclosure, the United States Supreme Court has stated:
"But if the evidence is so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce, that duty should equally arise even if no request is made. Whether we focus on the desirability of a precise definition of the prosecutor's duty or on the potential harm to the defendant, we conclude that there is no significant difference *365 between cases in which there has been merely a general request for exculpatory matter and cases, like the one we must now decide, in which there has been no request at all."
United States v. Agurs, 427 U.S. 97, 107, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976). The duty arises in the absence of a specific request because of the exculpatory character of the evidence which, if suppressed, would render a fair trial impossible and a constitutional violation inevitable. To allow the conviction of appellant to stand when the State has withheld exculpatory evidence, such as in this case, regardless of the reasons involved, would be a travesty of justice.
Argument that appellant's due process rights were not violated by virtue of the fact the exculpatory evidence did come out during trial on cross-examination is without merit. The record reveals that the trial of this case took approximately one and one-half hours. The defendant had no opportunity to make the investigation and, indeed, to prepare the evidence for use to its fullest advantage. The evidence, being revealed only upon cross-examination of Officer Lett, came too late and prevented defendant from receiving a fair trial. See United States v. McPartlin, 595 F.2d 1321 (7th Cir.), cert. denied, 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979).
Thus, although neither Brady nor Agurs requires disclosure of such exculpatory evidence before trial, as a matter of course such early disclosure is required if necessary to provide defendant with a fair trial. United States v. Ellsworth, 647 F.2d 957 (9th Cir.1981).
Repeatedly, this court has addressed the constitutional guidelines which were offended in this case, and which for that reason did not insure Dennis Duncan a fair trial. Equally, the conduct of the District Attorney is subject to guidelines the United States Supreme Court has framed as follows:
"The United States attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one."
Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935). It is my opinion that justice would not be served by allowing this conviction to stand. The defendant has not been afforded due process of law.
The issue as to the failure of the prosecution to timely disclose exculpatory evidence was first raised in the defendant's application for rehearing before the Court of Criminal Appeals. In Haynes v. State, 293 Ala. 221, 301 So.2d 208 (1974), this court held:
"Notwithstanding our cases which hold that a ground of an application for rehearing, not argued or suggested until after an opinion and decision, cannot be considered ..., such is not the rule when a `federal question' is involved. We have long held that we can, and will, review a decision of one of the Courts of Appeal on a `federal question' even though there is no written opinion of that court in the cause. See: State v. Parrish, 242 Ala. 7, 5 So.2d 828 (1941) .... The more the reason then, that we should review a `federal question' when an opinion is written which fails to deal with, and treat, such a question."
Id. 293 Ala. at 223, 301 So.2d at 209-210. See also Duke v. State, 288 Ala. 538, 263 So.2d 170 (1971). Therefore, although the "federal question" involved in this case *366 was not raised in original brief, this is no bar to our consideration of the question.
Moreover, it being the duty of this court to insure that justice is served and fundamental rights are not indiscriminately denied, I conclude that Dennis Duncan did not receive a fair trial.
For the reasons stated, I would overrule the application for rehearing.
FAULKNER, JONES and ADAMS, JJ., concur.