Ex Parte George James Randell (Alias Leon Gotch).

No. 8391. Decided January 23, 1924.

**Extradition—Information—Executive Warrant.**

It is not necessary, in the disposition of the case, to determine whether the Court below was right in sustaining an exception to the pleading. The executive warrant issued by the Governor of this State shows that relator is charged with crime in the demanding state by information, and a charge made by information is not of such character as would authorize the Governor to base thereon the extradition warrant, and the relator must therefore be discharged. Following Ex Parte Holt v. State, 92 Texas Crim. Rep., 614, and other cases.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a habeas corpus proceeding granting extradition of relator.

The opinion states the case.

*Mathis, Heidingsfelder, Teague & Kahn,* for relator.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, Judge.—From an order of Hon. C. W. Robinson, Judge of the Criminal District Court of Harris County, remanding

him to custody for extradition to the State of Missouri relator brings this appeal.

In reply to an order to show by what authority he was holding relator, the Chief of Police of the City of Houston answered that he held him in the beginning by virtue of a warrant of arrest from a justice of the peace of Harris County upon a charge that relator was a fugitive from justice, but that at the time of the hearing he was holding him on an extradition warrant issued by the Governor of Texas upon a requisition from the Governor of Missouri. The extradition warrant reads thus:

## "IN THE NAME AND BY AUTHORITY OF
## THE STATE OF TEXAS
## EXECUTIVE DEPARTMENT.

"To All and Singular the Sheriffs, Constables, and Other Civil Officers of said State:

"Whereas, It has been made known to me by the Governor of the State of Missouri that Leo Gotch Alias George Randall stands charged by information before the proper authorities, with the crime of Burglary and Larceny committed in said State, and that the said defendant has taken refuge in the State of Texas, and Whereas, the said Governor, in pursuance of the Constitution and Laws of the United States, has demanded of me that I cause the said fugitive to be arrested and delivered to O. J. Wilson who is as is satisfactorily shown, duly authorized to receive him into custody and convey him back to said State, and Whereas, said demand is accompanied by copy of said information duly certified as authentic by the Governor of said State.

"Now, Therefore, I Pat M. Neff, Governor of Texas, by virtue of the authority vested in me by the Constitution and Laws of this State, and the United States, do issue this my Warrant, commanding all Sheriffs, Constables, and other Civil Officers of this State, to arrest and aid and assist in arresting said fugitive and to deliver him when arrested to the said agent in order that he may be taken back to said State to be dealt with for said crime.

"In Testimony Whereof, I have hereunto signed my name and have caused the Seal of State to be hereon impressed, at Austin, Texas, this 30th day of November, A. D. 1923."

(Signed)        PAT M. NEFF,
                            Governor
            By the Governor.
     (Signed)      S. L. Staples,
                    Secretary of State."

Relator averred that an effort was being made to have him returned to State of Missouri for an alleged violation of a parole. Exception was sustained to this feature of relator's pleading. It is not necessary, in the disposition of the case, to determine whether the court was right or wrong in this particular. The point is made that the executive warrant issued by the Governor of this State shows that relator is charged with crime in the demanding state by "information," and that a charge made by "information" is not of such character as would authorize the Governor to base thereon his extradition warrant. This contention must be sustained.

It will be found upon examination that the executive warrant now under consideration is in all respects the same as the one discussed in Ex Parte Holt, 92 Texas Crim. Rep., 614, 244 S. W. Rep..1016. So far as the legal principle is involved that case cannot be distinguished from this one. In that case the facts showed the character of charge pending against relator upon which the requisition demand was based. In the present case, neither the requisition nor any papers connected therewith were in evidence. We must rely alone upon the recitals in the executive warrant to ascertain upon what it was based. Therein the Governor of this State says it has been made known to him by the Governor of Missouri that relator "stands charged by *information* etc.", and further, that the demand for requisition "is accompanied by copy of said information." Ex Parte Lewis, 75 Texas Crim. Rep., 320, 170 S. W. Rep., 1098, reviews and cites many authorities holding that a charge lodged by "information" in the demanding state will not authorize an extradition warrant from the Governor of the fugitive state, and Ex Parte Holt (supra) cites with approval and follows in this respect the Lewis case.

Under the law as we understand it the judgment must be reversed, and the relator ordered discharged.

*Relator discharged.*