### TAYLOR v. STATE. (2 Div. 307.)

(Court of Appeals of Alabama. June 30, 1924.)

**I. Indictment and information ⚙⇒19—Indictment in Code form held sufficient.**

Indictment in Code form *held* sufficient to charge perjury.

**2. Indictment and information** ☞81(1) — **Words in masculine gender include feminine.**

Use of masculine pronoun in designating female defendant does not render indictment defective; masculine gender including feminine, under Code 1907, § 1.

**3. Criminal law** ☞619—**Consolidation of felony cases against parties not jointly indicted not authorized.**

Consolidation of felony cases is not authorized, where parties are not jointly indicted.

**4. Perjury** ☞1—**Proof required of state.**

To establish perjury, state must show cause in court of competent jurisdiction, trial thereof, and false swearing by defendant to matter charged.

**5. Courts** ☞117—**State cannot vary court records showing separate trials of two defendants by proof of agreement for trial thereof at same time.**

Where indictment charged false swearing on joint trial of two for murder, and state introduced court's records, showing separate trials of such defendants under separate indictments and separate judgments against each, state could not contradict such record by proof that under verbal agreement the two cases were tried at same time before same jury.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Addie Taylor was convicted of perjury, and appeals. Reversed and remanded.

The indictment follows:

"The grand jury of said county charge that, before the finding of this indictment, Addie Taylor, on his examination as a witness duly sworn to testify on the trial of Tom Peyton, Sr., and Tom Peyton, Jr., in the circuit court of Bibb county, under indictment for the murder of one Alex Stonecypher, which said court had authority to administer such oath, falsely swore that he was present at the time and place when said Alex Stonecypher was killed, and that he saw Tom Peyton, Jr., shoot said Stonecypher and kill him, the matters so sworn to being material, and the testimony of the said Addie Taylor being willfully and corruptly false, against the peace and dignity of the state of Alabama."

S. D. Logan, of Centerville, for appellant.

The indictment is defective in the use of the masculine gender. Smith v. State, 103 Ala. 57, 15 South. 866. It is insufficient. Code 1907, §§ 1, 7135; Wood v. State, 50 Ala. 144. Objection to the introduction of the indictments should have been sustained. Copeland v. State, 97 Ala. 30, 12 South. 181; Thompson v. Richardson, 96 Ala. 491, 11 South. 728; McClerkin v. State, 105 Ala. 107, 17 South. 123; Ex parte Rice, 102 Ala. 671, 15 South. 450. Evidence in contradiction of the records of the court was inadmissible. Martha v. State, 26 Ala. 72; Walker v. State, 96 Ala. 53, 11 South. 401; Jacobs v. State, 61 Ala. 448.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The indictment followed the code, and was not subject to demurrer. Code § 7161, form 81, and sections 7541, 7542. There was no error in introduction of evidence.

SAMFORD, J. [1] The indictment is in Code form, and is sufficient to charge the defendant with the crime of perjury.

[2] The use of the masculine pronoun in designating the defendant, who is a woman, does not render the indictment defective. "Words used in the masculine gender include the feminine and neuter." Code 1907, § 1.

[3-5] The charge was for false swearing on the trial of Tom Peyton, Sr. and Jr., "under indictment for the murder of one Alex Stonecypher." It appears from the court records that there were separate indictments against Tom Peyton, Sr., and Tom Peyton, Jr., and so far as the court records disclose there were separate trials of the Peytons, and no joint trial. On the trial of this defendant the state, over the timely objections of defendant, was permitted to prove that, on the trial of the two Peytons on the separate indictments, counsel for the state and defendants verbally agreed that the two cases might be tried at the same time and before the same jury. In the absence of this testimony, the proceedings in the two cases, offered in evidence by the state, would have been subject to the objections raised by the defendant. Walker v. State, 96 Ala. 53, 11 South. 401; Jacobs v. State, 61 Ala. 448; Dennison v. State, 15 Ala. App. 84, 72 South. 589. It therefore becomes vital to this appeal to determine whether the state can prove a state of facts at variance with that shown by the records of the court.

The indictment charged false swearing on a single trial of Tom Peyton, Sr. and Jr. It was therefore necessary for the state to prove the pendency of such a case and its trial, in the court alleged. In its efforts to meet this burden the state introduced the records of the circuit court, showing separate trials and separate judgments rendered as to each of the Peytons. The conclusiveness of these judgments as between the parties can never be attacked or contradicted. We know of no law which authorizes a consolidation of felony cases where the parties are not jointly indicted, and in this case, taking the records of the court as importing verity, it was not done. In order for the state to make out its case against this defendant, it must show a cause in a court of competent jurisdiction, a trial of that cause, and a false swearing by the defendant to the matter charged. Here has been shown, not one and a joint charge, but two, and while the two causes, as matter of fact, may have been tried at one and the same time, none

the less the force and effect was that of two trials. The prosecution in this case being dependent on the record of the trial in which defendant is charged with false swearing, we hold that the state cannot vary the records of its courts as to the trials.

The rulings of the trial court were contrary to the above, and for those errors the judgment is reversed, and the cause is remanded.

Reversed and remanded.