## EX PARTE CHARLES SHILLINGS.

No. 16234.  Delivered October 18, 1933.
Reported in 63 S. W. (2d) 853.

The opinion states the case.

*Crumpton & Crumpton,* of Texarkana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant appeals from the action of the District Judge of Bowie county in refusing to discharge him upon the hearing of his application for a writ of habeas corpus.  He was held under the following executive warrant issued by the Governor of the State of Texas, to-wit:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS
"EXECUTIVE DEPARTMENT

"TO ALL AND SINGULAR THE SHERIFFS, CONSTABLES, and other Civil Officers of said State:

"Whereas, it has been made known to me by the Governor of the State of Arkansas that Shorty Shillings stands charged by Information and Warrant before the proper authorities, with

the crime of burglary and grand larceny, committed in said State, and that the said defendant has taken refuge in the State of Texas, and whereas the said Governor, in pursuance of the Constitution and Laws of the United States, has demanded of me that I cause the said fugitive to be arrested and delivered to Elmer Nelson, who is, as is satisfactorily shown, duly authorized to receive him into custody and convey him back to said State, and Whereas said demand is accompanied by copy of said Information and Warrant duly certified as authentic by the Governor of said State.

"Now, therefore, I, Miriam A. Ferguson, Governor of Texas, by virtue of the authority vested in me by the Constitution and Laws of this State and the United States, do issue this, my warrant, commanding all Sheriffs, Constables and other Civil Officers of this State, to arrest and aid and assist in arresting said fugitive and to deliver him, when arrested, to the said agent, in order that he may be taken back to said State to be dealt with for said crime.

"In Testimony Whereof, I have hereunto signed my name and have caused the Seal of State to be hereon impressed, at Austin, Texas, this 26th day of June, A. D. 1933.

"MIRIAM A. FERGUSON, Governor"

"(SEAL)      By the Governor

"A. J. POWER, Asst. Secretary of State."

The requisition issued by the Governor of the State of Arkansas reads as follows:

"STATE OF ARKANSAS<br>"EXECUTIVE DEPARTMENT<br>"THE GOVERNOR OF THE STATE OF ARKANSAS.

"To His Excellency, the Governor of Texas:

"WHEREAS, It appears by the annexed papers which I certify to be authentic and duly authenticated in accordance with the laws of this State, that SHORTY SHILLINGS stands charged by INFORMATION AND WARRANT with the crime of BURGLARY AND GRAND LARCENY committed in the County of Union in this State, which I certify to be a crime under the laws of this State and that he has fled from this State and is a fugitive from the justice thereof, and it is believed such fugitive has taken refuge in the State of Texas.

"Now, therefore, I, J. M. Futrell, Governor of the State of Arkansas, pursuant to the provisions of the Constitution and Laws of the United States, do hereby make requisition for the apprehension of the said fugitive and for his delivery to Elmer Nelson, who is hereby authorized to receive and convey him to

the State of Arkansas, hereto be dealt with according to law.

"In Testimony Whereof, I have hereunto set my hand and caused to be affixed the Great Seal of the State of Arkansas.

"Done at Little Rock, this 24th day of June, in the year of our Lord One Thousand Nine Hundred and Thirty-three, of the independence of the United States, the One Hundred and Fifty-seventh.

"J. M. FUTRELL, Governor.

"(SEAL)

"BY THE GOVERNOR:

"BY Ed. F. McDonald, Secretary of State.

"Jim B. Higgins, Deputy Secretary."

It will be observed that section 5278 of the Revised Statutes of the United States requires the production of a copy of the indictment or an affidavit made. The executive warrant in the instant case shows on its face to issue for one who is charged by information and warrant with the offense of burglary and grand larceny committed in the county of Union in said state. It has been repeatedly held by this court that a charge lodged by information in the demanding state will not authorize an extradition warrant from the governor of the fugitive state. The requisition shows upon its face that relator was charged by information and warrant with the crime of burglary and grand larceny. The word "warrant" does not add anything to the information; by a warrant, as we understand the word, is meant an order issued commanding an officer to do certain things, and therefore the word "warrant" in the requisition does not supply the necessary allegation of an affidavit. In the case of Ex parte Holt, 244 S. W., 1016, the warrant issued by the Governor of this state recited that Holt stood charged by information with a crime in the State of Oklahoma. The facts before the court also showed that relator was being prosecuted upon the information filed by the county attorney and not upon an affidavit or indictment. This court, in an opinion by Presiding Judge Morrow in the Holt case, supra, said: "The executive warrant in the instant case purports on its face to issue for one who is charged by information with an offense. * * * Upon these authorities we are constrained to hold that the extradition warrant in question did not justify the refusal of the trial court to discharge relator." The warrant upon its face must be sufficient to come within the purview of Revised Statutes of the United States, sec. 5278, which reads as follows:

"Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive

authority of any state or territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any state or territory, charging the person demanded with having committed treason, felony, or other crime, etc."

The executive warrant on its face fails to show that it was founded upon an indictment or an affidavit, and extrinsic evidence is not admissible for the purpose of aiding or amending the warrant or supplying any deficiency therein, and the word "warrant" does not supply the deficiency in the requisition or in the warrant issued by the Governor of Texas. Concluding from the record that the court was not justified upon a hearing of his application for writ of habeas corpus to refuse to discharge the relator, the order and judgment of the District Court of Bowie County is reversed and relator ordered discharged.

*Reversed and relator ordered discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.