## Ex Parte John B. (Buster) Stanley.

No. 19374.   Delivered November 3, 1937.

The opinion states the case.

*J. H. Martin,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from an order of the Hon. Cullen W. Briggs, Judge of the 117th District Court of

Nueces, declining to discharge relator from custody of the sheriff of said county upon the hearing of his application for a writ of habeas corpus.

Appellant was held under an executive warrant issued by the Governor of the State of Texas, based upon a requisition warrant from the Governor of the State of Minnesota, in which it is alleged that appellant was charged by information before the proper authorities of said state of the crime of forgery in the second degree, and that appellant has taken refuge in the State of Texas.

Section 662, of 18 U. S. C. A., reads as follows:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear [etc.]"

It is obvious from the foregoing statute that in order to extradite a prisoner from this State, the requisition warrant must show that such prisoner has fled from the demanding state, and must be accompanied by a copy of the indictment found or an affidavit made before a magistrate of such state or territory, charging the prisoner demanded with having committed a felony or other crime.

In the instant case, there is no indictment nor is there an affidavit made before a magistrate as required by such statute, charging appellant with a felony or other crime. The executive warrant shows upon its face that appellant is charged with a crime by information. An information cannot take the place of an indictment or affidavit, and does not form a sufficient basis for extradition. If the executive of the demanding state desires to extradite one who has fled to another state, he must do so in the manner provided by the Constitution of the United States and the laws enacted thereunder, relating to fugitives

from justice. See Ex parte Thomas F. Lewis, 75 Texas Crim. Rep., 320; Ex parte Randell, 257 S. W., 1101.

Consequently, the executive of the demanding state failed to comply with the requirements of the law, and the issuance of the executive warrant by the governor of this State is without legal authority.

It is therefore ordered that the judgment of the trial court remanding the appellant to the sheriff of Nueces County be, and the same is, hereby reversed and the relator discharged.

*Reversed and relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.