9 So.2d 758

STATE v. ROGERS.

4 Div. 735.

Court of Appeals of Alabama.
April 21, 1942.

Rehearing Denied May 26, 1942.

Farmer, Deputy Sol., of Dothan, for appellant.

W. Perry Calhoun and L. A. Farmer, both of Dothan, for appellee.

Thos. S. Lawson, Atty. Gen., Jas. F. Matthews, Asst. Atty. Gen., and W. C.

RICE, Judge.

This is an appeal by the State of Alabama from an order made by Hon. S. P. Poyner, Judge of the Probate Court of Houston County, on March 17, 1942, discharging from custody the appellee, Joe Rogers, alias Joe Smith, in a habeas corpus proceeding. From the order aforesaid, and the certificate of the judge on page 8 of the transcript filed in this Court, upon the appeal, it appears that the hearing was upon appellee's petition and the return of the Sheriff of Houston County thereto, to which was attached a warrant issued by Hon. Frank M. Dixon, Governor of Alabama, on February 26, 1942, for the arrest of petitioner or appellee, as a fugitive from justice.

This extradition warrant was issued upon a requisition dated February 24, 1942, by the Governor of Georgia. From the extradition warrant it sufficiently appears that petitioner or appellee had previously been indicted in Georgia for a crime, therein referred to as gaming, that a duly certified copy of the indictment accompanied the requisition, and that petitioner or appellee had fled from Georgia, and taken refuge in Alabama.

It is also reasonably clear and in the absence of any showing to the contrary may be taken as true, that no evidence was introduced at the hearing other than the Sheriff's return and the Governor's extradition warrant aforesaid. Thus on page 8 of the record the Judge of Probate certifies that the transcript filed upon this appeal, consisting of 8 pages, contains "a true and complete copy of the record and proceedings" in this cause; and in the order and judgment of the court, from which this appeal is prosecuted, it is expressly recited, in substance, that the hearing was upon appellee's petition for the writ of habeas corpus, the return thereto of the Sheriff, and the Governor's extradition warrant aforesaid. There is no recital nor anything otherwise in said order or in the transcript or in the certificate of the judge, aforementioned, to indicate that any evidence whatever was offered at the hearing in behalf of appellee, or that there was any evidence for the State otherwise than as already stated.

In view therefore of the well-known presumption that public officers, including, of course, judicial officers, have performed their duties as prescribed by law in the absence of any showing to the contrary, we must assume for the purposes of this appeal that the hearing was confined to the evidence above stated.

This is further indicated by the recitals in the order of the Probate Judge that the State did not make out a prima facie case. There is no point therefore, as we see it, in the contention of the appellee that the certificate of the Judge is defective for failure to recite that the transcript contains a statement of the evidence. Evidently no evidence was before the Court otherwise than as already shown and a certificate by the Judge that the transcript contained a statement of the evidence would seem to be entirely superfluous.

It is contended by appellee that the Governor's extradition warrant was not of itself sufficient authority for holding petitioner in custody and that in addition to the warrant the State, in order to make out a prima facie case should have put in evidence also the requisition from Georgia and the certified copy of the indictment thereto attached as recited in the Governor's warrant showing the charge of crime in Georgia. The contention seems to be based on a misconstruction or misunderstanding of the language used in some of the former opinions of this Court and of the Supreme Court. See Barriere v. State, 142 Ala. 72, 39 So. 55; State v. Parrish, 242 Ala. 7, 5 So.2d 828; and other cases cited therein.

As we see it the language quoted in appellee's brief from various decisions of the appellate courts of this State is not to be construed as requiring the introduction in evidence of the requisition and indictment or affidavit before a magistrate from the demanding state in addition to the extradition warrant issued in this State, provided the requisite jurisdictional facts sufficiently appear by recital in the extradition warrant. These facts, of course, are such as are required by the extradition statute to be recited. Code 1940, Title 15, §§ 50, 52.

In Thacker v. State, 20 Ala.App. 302, 101 So. 636, 637, certiorari denied Ex parte Thacker, 212 Ala. 3, 101 So. 638, it was said: "The state introduced on the trial the warrant issued by the Governor of Alabama, together with the return of the sheriff

of Cullman county. Insistence was made that this evidence did not make out a prima facie case for the state. The return of the sheriff rests upon the sufficiency of the warrant of the Governor, which recites the jurisdictional facts which the law requires the Governor to find before issuing his warrant. To this end it was within the province of the Governor to require the production of satisfactory evidence of the existence of these facts. Being a matter of official duty, the presumption will be indulged, in the absence of proof to the contrary, that this duty was performed, and therefore the recitals in the warrant as to these jurisdictional facts are prima facie evidence of such facts. In the case of Pool v. State, 16 Ala.App. 410, 78 So. 407, will be found a correct statement of the rule and the authorities to sustain the ruling. See, also, Singleton v. State, 144 Ala. 104, 42 So. 23."

■ It was also insisted by appellee that the recital of the charge of crime in Georgia is insufficient in that there is no crime or offense known to the law as gaming. In response to this it may be said that the indictment found in Georgia, and referred to in the extradition warrant, certainly charges some criminal offense without undertaking to define or state the elements of the offense for the commission of which appellee was indicted in the State of Georgia. This is clear from the plain language of the extradition warrant itself, which expressly recited as one of the jurisdictional facts for its issue that it appears from the requisition that appellee "is charged by indictment * * * with the crime of gaming." The Governor's warrant recites also that duly certified copy of this indictment accompanies the requisition and upon the presumption to be indulged as to regularity and performance of duty by judicial, as well as other public officers, as noted in the Thacker case, supra, it may, in the absence of any showing to the contrary, be presumed that the certified copy of the indictment, aforesaid, sufficiently made out a charge of a crime or of a criminal offense under the laws of Georgia.

The judgment or order therefore of the court below is reversed, and a judgment is rendered here remanding the appellee to custody of the Sheriff of Houston County for delivery into the custody of the duly authorized agent of the State of Georgia.

Reversed and rendered.

## On Rehearing.

RICE, Judge.

■ The statutory law of Alabama as to extradition of fugitives from justice in another state taking refuge in this state will be found in Code 1940, Tit. 15, §§ 48–69. Necessarily in case of ambiguity or uncertainty as to the meaning or construction of any one or more of said Sections 48–69 we must look to all of them, if necessary, or to such of them as are related to the particular section required in case of uncertainty to be construed, inasmuch as they are, all of them in pari materia, and are intended to afford a comprehensive system of procedure.

Section 49 of said Title 15 is as follows: "Criminals to be delivered upon requisition. —Subject to the qualifications of this article, and the provisions of the constitution of the United States controlling, and acts of congress in pursuance thereof, it is the duty of the governor of this state to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state."

■ Clearly this section imposes upon the Governor of this State the duty to issue his so-called extradition warrant for the arrest of the alleged fugitive from justice in another state, denominated "any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state," upon substantial compliance with the requirements set forth in succeeding sections.

Section 50 prescribes the form of the requisition from the demanding state; and Section 51 authorizes the Governor of this State, through the Attorney General or a prosecuting officer to investigate the "circumstances of the person so demanded, and whether he ought to be surrendered."

■ Section 52 is in a measure supplemental to Section 50, and the two sections read together and in connection with each other operate as a guide and basis for issue of "a warrant of extradition." The "documents" referred to in said Section 52 are evidently the same "papers" therein referred to in the caption, and the same writings referred to in Section 50, relating to the "form of demand" and comprising the requisition itself, and authenticated copies of the indictment, information, or affidavit,

as the case may be, evidencing the charge of crime in the demanding state.

The Governor of this State is required or enjoined by said Section 52 to look to the papers and copies enumerated in Section 50 in determining whether "the accused [i. e. the alleged fugitive from justice] was present in the demanding state at the time of the commission of the alleged crime," etc.

Section 54 of said Title 15 relates to the issue and contents of ′ the "warrant of extradition," referred to in Section 52, and expressly provides that such warrant "must substantially recite the facts necessary to the validity of its issue."

■ It is now contended by counsel for appellee herein upon application for rehearing of the judgment of reversal, that, among other things, the extradition warrant to be valid process must expressly recite "that the accused [alleged fugitive] was present in the demanding state at the time of the commission of the alleged crime."

We are unable to concur in this insistence. As heretofore shown the requirement is that the warrant *substantially recite the facts necessary to the validity of its issue.*

This requirement, we believe, is fairly and substantially fulfilled if upon inspection of the warrant it fairly appears that the accused or alleged fugitive, is, to quote from Section 49, Tit. 15, supra, a "person charged in that state [the demanding state] with treason, felony, or other crime, who has fled from justice and is found in this state." Under the statute, as we construe it, that is. the essential fundamental basis or condition for issue of an extradition warrant.

■ In the instant case the warrant contains the following recitals: "Whereas, His Excellency, Eugene Talmadge, Governor of the State of Georgia, by requisition dated the 24th day of February, 1942 has demanded of me as Governor of the State of Alabama the surrender of Joe Rogers alias Joe Smith alias Black Boy Smith who, it appears, is charged by indictment in the County of Berrien, in said State, with the crime of gaming (a duly certified copy of which indictment accompanies said requisition) and it appearing that said Joe Rogers alias Joe Smith alias Black Boy Smith *has fled from justice in said State and taken refuge in the·State of Alabama."* (Emphasis supplied.)

The application for rehearing is therefore denied.