8 So.2d 219

#### ADAMS v. STATE.

1 Div. 414.

Court of Appeals of Alabama.
May 12, 1942.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

Hybart & Chason, of Bay Minette, for appellant.

SIMPSON, Judge.

Linka Adams is duly charged by indictment in the State of New York with grand larceny. The case pending before us originated in an extradition proceeding for her return to the State of New York, as a fugitive from justice (Code of Alabama 1940, Title 15, § 48 et seq.), to answer said indictment.

She presented her petition for habeas corpus to Honorable F. W. Hare, Circuit Judge of Baldwin County, and from his order, denying her release from custody of the sheriff, she appeals to this court.

The return of the sheriff to the writ of habeas corpus showed: "That he has said Linka Adams in his custody and is detaining her under and by virtue of a Governor's warrant, issued by Hon. Frank M. Dixon, Governor of Alabama, on the 29th day of November, 1941, commanding him to arrest the said Linka Adams and deliver her into the custody of Timothy L. Collins, the duly authorized agent of the State of New York, said Governor's warrant being submitted to your Honor herewith and made a part of this return."

The warrant of the Governor of Alabama (which the Reporter of Decisions will set out, omitting formal parts), ex-

hibited with the return of the sheriff, is in substance identical with the warrants, heretofore approved as sufficient, in the cases of State v. Floyd Edward Shelton, ante, p. 484, 8 So.2d 216; Pool v. State, 16 Ala.App. 410, 78 So. 407; State v. Parrish, 242 Ala. 7, 5 So.2d 828.

The principle was reaffirmed in the Shelton case, supra, that, "in proceedings as this, when the requisition warrant of the Governor of the asylum state contains the requisite jurisdictional recitals, a prima facie case is established for the legal detention of the prisoner."

Upon authority of these cases, and others of similar import, it must be held that the Governor's warrant in the case at bar, when exhibited with the sheriff's return, established a prima facie case for the legal restraint of the petitioner (appellant).

At the habeas corpus hearing, appellant sought to show, as she had a right to do, that she was not a fugitive from justice and was not the identical person named in the extradition warrant and the indictment upon which it was predicated. Upon this disputed question of fact, the trial judge ruled adversely to the contention of appellant and we think this ruling well supported by the evidence.

It was within his sound discretion to accept as true the testimony of the officers from New York rather than that of the appellant and her witnesses, all of whom appeared in open court and testified before him. The appellate court will not interfere to control that discretion unless it appears to have been exercised in an arbitrary, unjust or oppressive manner.

. [6] The contention that the case is affected by the fact that she was first held under a fugitive warrant naming her as Mary Miller does not impress us. The proof aside; that she was also known and called by this name, the warrant of the Governor of Alabama, as well as the indictment, designated her as Linka Adams (which she, herself, claims to be her correct name). As demonstrated hereinabove, the sheriff was authorized to detain her under this warrant of the Governor, and this irrespective of the other papers under which she had been previously held.

Nor do we think that her discharge is warranted because the pronoun he, instead of she, is used in the Governor's warrant. The State's witnesses identify her as the true person charged in the indictment and the warrant of extradition. This, in the end, must be the criterion.

The contention is also answered by the decision of this court, that the use of the masculine pronoun in designating the defendant, who is a woman, does not render an indictment defective. Taylor v. State, 20 Ala.App. 133, 101 So. 93. Answer is also found in the Code: "Words used in the masculine gender include the feminine and neuter." Code 1940, Tit. 1, § 1.

Finding no reversible errors in the rulings below, the judgment is ordered affirmed.

Affirmed.