14 So.2d 159

## STATE v. KNIGHT.
### 7 Div. 716.

Court of Appeals of Alabama.
April 6, 1943.

Rehearing Denied May 11, 1943.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for appellant.

Earle Montgomery, of Talladega, for appellee.

SIMPSON, Judge.

The State appeals from an order of the Judge of Probate of Talladega County discharging appellee from custody of the sheriff of said county, upon petition for writ of habeas corpus.

Appellee was held in custody under an extradition warrant, duly issued for his detention by the Honorable Frank M. Dixon, Governor of Alabama, upon the request of the Governor of Tennessee.

The appeal, by the State, is prosecuted pursuant to the statute. Code 1940, Title 15, § 369.

The contention below—raised by demurrer and upon which the order of discharge was rested—was that the Governor's warrant was fatally deficient because, allegedly, it failed to (sic) "show that the petitioner was present in Tennessee when the offense was committed." This position is not sustained by the decisions.

The warrant contained the requisite jurisdictional recitals and, when exhibited with the return of the sheriff, made out a prima facie case for the prisoner's legal restraint. Recent cases to this effect are State v. Rogers, 30 Ala.App. 515, 9 So.2d 758, 760, 761, certiorari denied Id., 243 Ala. 272, 9 So.2d 761; State v. Shelton, 30 Ala.App. 484, 8 So.2d 216; Adams v. State, 30 Ala.App. 487, 8 So.2d 219; State v. Parrish, 242 Ala. 7, 5 So.2d 828, 835.

In approving the extradition warrants in the foregoing cases (and there are others), the import of the holdings is that the warrant need not recite in haec

verba that "the accused (alleged fugitive from justice) was present in the demanding state at the time of the commission of the alleged crime." The warrant is prima facie sufficient if "upon inspection it fairly appears that the alleged fugitive is the person charged in (the) demanding state with treason, felony or other crime and has fled from justice and is found in this state." State v. Rogers, supra, headnote 8.

True, "a warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that the accused was present in the demanding state at the time of the commission of the alleged crime." Code 1940, Title 15, § 52. But the Governor's warrant alone, if containing the recitals of the instant one, is held under our decisions to be sufficient, prima facie, for the prisoner's detention.

■ The cases do hold that if the other evidence, or the other documents presented at the hearing, should show that the warrant of the Governor was issued in a case not authorized by law, then the prima facie case made by the warrant is thereby overcome. State of Tennessee v. Hamilton, 28 Ala.App. 587, 190 So. 306, 308; Hobbs v. Tennessee ex rel. Alabama, 30 Ala.App. 412, 8 So.2d 595, certiorari denied Id. 243 Ala. 102, 8 So.2d 596. This rule would apply—the prima facie case made by the Governor's warrant to the contrary notwithstanding—if, from the other documents (or facts) presented, it should be shown that the alleged fugitive was, in fact, not "present in the demanding state at the time of the commission of the alleged crime". § 52; supra.

But this is not the case here. The other documents (from Tennessee, exhibited with the sheriff's return) make substantially the affirmative showing required by said Section 52.

(We cannot refrain, however, from again calling attention to the entire unnecessity and superfluity of exhibiting, with the sheriff's return, these other papers to prove a prima facie case, when the Governor's warrant, containing the requisite legal recitals, as here, makes such prima facie showing.)

The conclusion is that the learned Judge of Probate committed error in adjudging that the sheriff's return (and other attached documents) was insufficient to show, prima facie, the lawful commitment and custody of petitioner. His order of discharge, therefore, rested thereon, is likewise erroneous and must be reversed and the cause remanded for further proceedings in harmony herewith. It is so ordered.

The argument is made by counsel for the State that there should be a final judgment rendered here against the petitioner, ordering his delivery to the Tennessee agent, rather than a remandment of the cause for trial on its merits. The Parrish and Rogers cases are relied upon.

■ In response to this contention, it is to be noted that in each of these cases trial was had upon the merits and final judgment thereon awarded, after the completion of the evidence and the resting of the case by both parties. Here, however, the trial never reached the stage of a hearing upon the merits, but upon the coming in of the return of the sheriff with the exhibited documents, the court adjudged them insufficient, the State "refused to plead further," and petitioner was thereupon ordered discharged from custody (with suspension of said order pending appeal by the State).

True, the method here used—though not the better practice, 24 Am.Jur., p. 243, § 142, Note 10—to test the sufficiency of the return to the writ was a demurrer thereto. Nevertheless, "the return to a writ of habeas corpus is analogous to a complaint in a civil action, and issues of law thereon may be raised by appropriate objection." Id., Sec., Am.Jur. Demurrer was treated as the appropriate method here, the judge accordingly ruled thereon adversely to the State, thereby putting the State out of court.

The case is now before us to review and revise this erroneous ruling. It is incumbent upon us to "render such judgment as the trial court should have rendered." Code 1940, Title 15, § 369. At this stage of the case, the judgment there should have been the overruling of the petitioner's objection (demurrer) to the return. Hence, our judgment here to this effect, and a remandment of the cause, "in order that petitioner * * * might have an opportunity to introduce such testimony as he might have refuting the charge that he was a fugitive from justice." Floyd Edward Shelton v. State of Tennessee ex rel. State of Alabama, ante, p. 58, 12 So.2d 103, 104; Code 1940, Title 15, § 390.

The judgment below is therefore reversed, the cause is remanded, and petitioner is ordered and directed to hold him-

self amenable to further proceedings in the lower court in conformity with this opinion.

Reversed and remanded, with instructions.