30 So.2d 396

## MONK v. STATE.
### 4 Div. 11.

Court of Appeals of Alabama.
May 6, 1947.

Mulkey & Mulkey, of Geneva, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This is a habeas corpus proceeding; the appeal is taken from an adverse ruling by the Judge of Probate, of Geneva County, Alabama.

William Monk, appellant, filed his petition for a writ of habeas corpus, as stated, wherein he alleged that he was imprisoned by the Sheriff of Geneva County, Alabama, on a charge of robbery, and assault with intent to murder, and that his imprisonment was by virtue of a Governor's warrant issued by the Governor of Alabama. He further alleged that his imprisonment is unlawful and illegal because the Governor's warrant under which he was being held is void in that it does not recite the necessary jurisdictional facts.

An order being issued by the court commanding the sheriff to produce the body of the appellant before the court, said sheriff produced before the court the body of the appellant and made return to such writ showing that he held appellant under and by virtue of a warrant dated December 9, 1946, issued by the Honorable Chauncey Sparks, Governor of the State of Alabama, which warrant purports on its face to have been issued by the Governor of Alabama on a request from the Governor of the State of Florida for the surrender of the appellant to the State of Florida on a charge of robbery and the crime of assault with intent to murder, wherefore said sheriff moved the court to dismiss the petition of the appellant.

Upon hearing of such petition before the Judge of Probate, the State introduced into evidence, over objection of appellant, the return of the sheriff to the writ, with the Governor's warrant attached thereto, whereupon the State rested.

Appellant testified in his own behalf denying any knowledge of the offense with which he stands charged. However, upon cross-examination, appellant admits having been in the State of Florida near the time of the alleged offense, having heard of the offense, and further admits that he is being held charged with such offense, all of this going to prove the identity of the appellant.

Upon the conclusion of this testimony, the Judge of Probate ruled adversely to appellant, denying the petition for habeas corpus.

It appears from the record that the sole question presented for review by this Court is the sufficiency of the Governor's warrant under which the appellant was arrested and

held, it being the contention of the appellant that such warrant is void in that it does not recite the necessary jurisdictional facts. The warrant of extradition issued by the Governor of Alabama (omitting formal parts) is as follows:

"Whereas, His Excellency, Millard F. Caldwell, Governor of the State of Florida, by requisition dated the 7th day of December 1946 has demanded of me, as Governor of the State of Alabama, the surrender of William Monk who, it appears, is charged by Affidavit & Warrant, in the County of Holmes in said State, with the crime of Robbery and the crime of assault with intent to murder (a duly certified copy of which Affidavit & Warrant accompanies said requisition) and it appearing that said William Monk has fled from justice in said State and taken refuge in the State of Alabama.

"Now Therefore, I, Chauncey Sparks Governor of the State of Alabama, in obedience to the Constitution and Laws of the United States and the Laws of the State of Alabama, do command you to arrest the said William Monk if he be found within the limits of this State, and to deliver him into the custody of Jesse R. Brown, Sheriff, Holmes County, Florida, the duly authorized agent of the State of Florida and of the execution of this warrant you will make due return to me."

Appellant argues that this warrant does not recite the necessary jurisdictional facts in that it does not affirmatively state that the certified copy of the affidavit and warrant accompanying said requisition were made before a magistrate of the demanding state.

There is no semblance of merit in the foregoing insistence. The appellate courts of this State have so held and declared in numerous decisions. State v. Knight, 31 Ala.App. 174, 14 So.2d 159, certiorari denied, 244 Ala. 430, 14 So.2d 161, which case cites as authority for such holding the recent cases of State v. Rogers, 30 Ala. App. 515, 9 So.2d 758, certiorari denied, 243 Ala. 272, 9 So.2d 761; State v. Shelton, 30 Ala.App. 484, 8 So.2d 216; Adams v. State, 30 Ala.App. 487, 8 So.2d 219; State v. Parrish, 242 Ala. 7, 5 So.2d 828.

From the foregoing, we see no necessity to enter into a full discussion upon this proposition. It would serve no good purpose to here reiterate and repeat what has been heretofore settled beyond all controversy.

The order of the Judge of Probate, of Geneva County, Alabama, from which this appeal was taken is hereby affirmed in every respect.

Affirmed.