37 So.2d 233

### RUSSELL v. STATE.
### 4 Div. 517.

Supreme Court of Alabama.
Oct. 14, 1948.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the petition.

Jas. M. Prestwood, of Andalusia, opposed.

BROWN, Justice.

The appellant Russell, then in the custody of the Sheriff of Covington County, sued out a writ of habeas corpus before the judge of probate of said county seeking his discharge from custody on stated grounds, among others, that the governor's warrant under which he was being held for extradition to the State of Georgia, is void and that said extradition proceedings were being used as a cover for the collection of a debt demanded or claimed, alleged to be due the prosecutrix, his divorced wife, now Mrs. Ward, arising out of an agreement entered into during the year 1934.

The sheriff, in pursuance of the mandate of the writ of habeas corpus to produce the prisoner, made his return to said writ, justifying the arrest and detention of the prisoner under a warrant issued by the Governor of Alabama on requisition of the Governor of Georgia dated March 10, 1948. As a basis for the issuance of the warrant of the Governor of Alabama, it embodied the following recitals:

"Whereas, His Excellency, M. E. Thompson, Governor of the State of Georgia, by requisition dated the 4th day of March, 1948, has demanded of me, as Governor of the State of Alabama, the surrender of W. H. Russell, Jr., who, it appears, *is charged by warrant*, in the County of Bibb in said State, with the crime of Abandonment of Minor Child (a duly certified copy of which warrant accompanies said requisition) it appearing that said W. H. Russell, Jr., has fled from justice in said State and Taken refuge in the State of Alabama, * * *." [Italics supplied.]

The probate judge on the hearing of the petition for habeas corpus overruled the motion of the prisoner to quash the warrant and permitted the state, over his objection, to offer oral testimony and documentary evidence *going to show that the prisoner was* indicted by a grand jury in Georgia for the offense of abandoning a minor child, and remanded him to the custody of the sheriff to be delivered to the agent for the State of Georgia. From this judgment he appealed to the Court of Appeals where his case was reversed on the ground stated in the opinion of the court of appeals that the extradition proceedings were being used to enforce the collection of a debt or claim alleged to be due said prosecutrix.

It is settled law that in such extradition proceedings the chief executive of the asylum state is clothed with authority to ascertain the jurisdictional facts from the evidence before him embodied in the requisition of the demanding state to authorize the issuance of a warrant of arrest to hold such person for delivery to the demanding state, and our statute requires that such jurisdictional facts be stated in the face of the warrant. Code of 1940, Tit. 15, § 54; Pool v. State, 16 Ala.App. 410, 78 So. 407; State v. Shelton, 30 Ala.App. 484, 8 So.2d 216; Adams v. State, 30 Ala. App. 487, 8 So.2d 219; Compton v. State, 214 U.S. 1, 29 S.Ct. 605, 53 L.Ed. 885, 16 Ann.Cas. 1098; Ex parte Shillings, 124 Tex.Cr.R. 482, 63 S.W.2d 853; Ex parte State of Alabama, In re Mohr, 73 Ala. 503, 49 Am.Rep. 63; State of Tennessee v. Hamilton, 28 Ala.App. 587, 190 So. 306; Ex parte Randell, 96 Tex.Cr.R. 466, 257 S.W. 1101.

The act of congress requires that the demanding state produce with the requisition and attached thereto "a copy of an indictment found or an affidavit made before a magistrate" of such State or Territory charging the person demanded with having committed treason, felony, or other crime "certified as authentic by the governor

or chief magistrate of the State or Territory from whence the person so charged has fled." U.S.C.A., Tit. 18, § 3182. If the warrant issued by the Governor of the asylum state is deficient in this respect, such deficiency cannot be cured by evidence aliunde extrinsic of the recitals in the warrant. Code of 1940, Tit. 15, § 54; Ex parte Shillings, supra.

It is also well established law that a person cannot be imprisoned for debt and our statute interdicts the use of extradition proceedings to aid in or accomplish such result directly or indirectly. Code 1940, Tit. 15, § 68; 35 C.J.S. Extradition, § 2, page 319; Hobbs v. State of Tennessee ex rel. State of Alabama, 30 Ala.App. 412, 8 So.2d 595, certiorari denied Ex parte State, 243 Ala. 102, 8 So.2d 596; Ex parte Slauson, CC., 73 F. 666; Work v. Corrington, 34 Ohio St. 64, 32 Am.Rep. 345; Compton, Ault & Co. v. Wilder, 40 Ohio St. 130; State v. Gregg, 68 Ohio App. 397, 40 N.E.2d 167; In re Extradition of Williams, 5 Ohio App. 55; Commonwealth ex rel. Spivak v. Heinz, 141 Pa.Super. 158, 14 A.2d 875; Ex parte Kuhns, 36 Nev. 487, 137 P.83, 50 L.R.A.,N.S., 507; Ex parte Owens, 34 Okl. Cr. 128, 245 P. 68; Ex parte Maddox, 55 Okl.Cr. 114, 25 P.2d 1111; Ex parte Offutt, 29 Okl.Cr. 401, 234 P. 222; Ex parte Johnson, 55 Okl.Cr. 154, 27 P.2d 171; Scott v. State, 33 Ala.App. 328, 33 So.2d 390.

Consonant with this principle, the Court of Appeals in the instant case concluded upon full consideration of the evidence in the record that the proceeding was not in good faith but for the purpose of collecting a debt, stating the result of the court's finding in the opinion of that court that the proceeding "was instituted to aid in the collection of a debt, demand or claim against the party sought to be extradited," towit, the collection of $1200 claimed to be due the prosecutrix by the petitioner. Having so found, the Court of Appeals properly concluded that the prisoner should be discharged. Under the uniform rulings here, in such circumstances, the finding of that court will not be reviewed on certiorari in the absence of a full statement of the evidence in the opinion of that court. Hobbs v. State of Tennessee ex rel. State of Alabama, 243 Ala. 102, 8 So.2d 596, 598.

If Parrish's Case (State v. Parrish) 242 Ala. 7, 5 So.2d 828, is thought to be opposed to the last stated principle and as justification for this court to go to the record and ascertain the evidence embodied therein to reject and overturn the conclusion of the Court of Appeals, it should be noted that in the Parrish case the Court of Appeals did not promulgate an opinion but affirmed the order of the probate judge without stating what that judgment was. Our case reviewing the Court of Appeals recognizing that the demanding state could not "be denied the Federal rights guaranteed" to it without the benefit of a ruling by the court of the asylum state, expressed in an opinion, it was deemed incumbent on this court to review both the record proper and the evidence embodied therein and to review the judgment which the Court of Appeals had rendered. The Parrish case is limited to reviewing like decisions of the court of appeals.

That is not this case, however. Here the Court of Appeals reviewed the evidence and stated its conclusion in the opinion. Of consequence, under our limited review on certiorari, we will not review the evidence to overturn the conclusion of the Court of Appeals.

The record shows that the prisoner challenged the governor's warrant as void for not showing that he was charged in the demanding state by indictment or affidavit made before a magistrate. The prisoner was entitled to be discharged for that reason. Compton v. Alabama, 214 U.S. 1, 29 S.Ct. 605, 53 L.Ed. 885, 16 Ann.Cas. 1098, and authorities supra.

Writ of certiorari is denied and petition dismissed.

FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.

LAWSON, J., concurs in the result.