60 So.2d 263

### HARRIS v. STATE.

5 Div. 328.

Court of Appeals of Alabama.
Feb. 20, 1951.

Rehearing Denied March 27, 1951.

Appeal Dismissed Aug. 12, 1952.

Geo. P. Howard, of Wetumpka, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This is an appeal from a judgment of the circuit court denying appellant's discharge on habeas corpus.

The appellant sought his discharge from arrest made by the Sheriff of Elmore County pursuant to a rendition warrant issued by the Governor of Alabama at the request of the Governor of Georgia, the appellant having been charged with the offense of child abandonment in Georgia.

By appropriate pleading the petitioner challenged the legality of his restraint by the sheriff under the rendition warrant issued by the Governor of Alabama.

At the hearing below the State offered in evidence the rendition warrant issued by the Governor of Alabama, together with the sheriff's return thereon.

The portion of the said rendition warrant pertinent to this appeal is as follows:

"Whereas, His Excellency, Herman E. Talmadge, Governor of the State of Georgia, by requisition dated the 11th day of May, 1950 has demanded of me, as Governor of the State of Alabama, the surrender of Velt Harris who, it appears, is charged by Accusation, in the County of Fulton in said State, with the crime of ——— Abandonment of his Minor Children (a duly certified copy of which Accusation accompanies said requisition) and it appearing that said Velt Harris has fled from justice in said State and taken refuge in the State of Alabama."

The State also offered in evidence certain other allied papers accompanying the requisition request. As we interpret the most recent case of our Supreme Court on this point however, Russell v. State, 251 Ala. 268, 37 So.2d 233 if the rendition warrant is deficient, it cannot be aided by reference to these allied papers. We therefore refrain from setting them out.

It is to be noted that the rendition warrant recites that the appellant is charged in Georgia by "accusation", (a duly certified copy of which accusation accompanies said requisition).

In an opinion by Simpson, J., now of the Supreme Court, but then of this court, in the case of Watson v. State, 30 Ala.App. 184, 2 So.2d 470, 472, the view was expressed that if the Governor's rendition warrant was deficient, then the allied papers accompanying a requisition could be looked to to determine whether the alleged fugitive was lawfully charged in the demanding

State. In the course of the opinion it was stated:

"The recitals of the Governor's warrant here are obviously deficient, alone and of themselves; to show prima facie the legality of petitioner's detention. For, the assertion therein that the accused is 'charged by the Transcript of the Minutes', etc., is wholly insufficient to meet the statutory requirement that he must be shown to be lawfully charged by indictment or by an information, etc., or by affidavit made before a magistrate in the demanding State with having there committed a crime under its laws. Section 4183 (5), supra [Code 1940, Tit. 15, § 52]. And unless it is made to appear either in the warrant of the Governor or elsewhere in the proceedings that he is so lawfully charged, the State fails to prove its case and the prisoner is entitled to the writ. Kelley v. State, 30 Ala.App. 21, 200 So. 115. The rule as to prima facie proof is stated in Barriere v. State, 142 Ala. 72, 78, 79, 39 So. 55, and restated by our court in State of Tennessee v. Hamilton, 28 Ala.App. 587, 190 So. 306. Other decisions are to the same effect.

"It may be, as urged by counsel for the State, that the requisition and accompanying documents (referred to in the warrant here) might, or would, show that petitioner was, in fact, lawfully charged in the State of Florida by indictment or information or affidavit or etc.—thereby satisfying the requirements of our statute, supra—but such facts do not appear to have been presented at the hearing below and are not before us here. We cannot presume them. If true, they should have been shown."

However, in the Russell case, supra, the Supreme Court considered a highly similar question to the one now being considered. In the Russell case the Governor's rendition warrant recited that the prisoner "is charged by *warrant*, in the County of Bibb in said State" (Georgia). [251 Ala. 268, 37 So.2d 234.]

In the Probate Court, on the hearing of the habeas corpus petition, the judge overruled the petitioner's motion to quash the warrant of rendition, and over his objection permitted the State to offer oral and documentary evidence going to show that the petitioner had been indicted by a grand jury of the State of Georgia for the offense of child abandonment. The court entered a decree remanding the prisoner to the custody of the sheriff. From such judgment an appeal was perfected.

This court reversed the judgment of the lower court on the conclusion from the evidence that the extradition proceedings were instituted for the purpose of directly or indirectly aiding in the collection of a debt.

On certiorari the Supreme Court denied the writ, and refused to overturn the conclusion of this court in this aspect.

However, it was the further view of the Supreme Court that:

"It is settled law that in such extradition proceedings the chief executive of the asylum state is clothed with authority to ascertain the jurisdictional facts from the evidence before him embodied in the requisition of the demanding state to authorize the issuance of a warrant of arrest to hold such person for delivery to the demanding state, and our statute requires that such jurisdictional facts be stated in the face of the warrant. Code of 1940, Tit. 15, § 54; Pool v. State, 16 Ala.App. 410, 78 So. 407; State v. Shelton, 30 Ala. App. 484, 8 So.2d 216; Adams v. State, 30 Ala.App. 487, 8 So.2d 219; Compton v. State, 214 U.S. 1, 29 S.Ct. 605, 53 L.Ed. 885, 16 Ann.Cas. 1098; Ex parte Shillings, 124 Tex.Cr.R. 482, 63 S.W.2d 853; Ex parte State of Alabama, In re Mohr, 73 Ala. 503, 49 Am.Rep. 63; State of Tennessee v. Hamilton, 28 Ala.App. 587, 190 So. 306; Ex parte Randell, 96 Tex.Cr.R. 466, 257 S.W. 1101.

"The act of congress requires that the demanding state produce with the requisition and attached thereto 'a copy of an indictment found or an affidavit made before a magistrate' of such State or Territory charging the person demanded with having committed treason, felony, or other crime 'certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled.' U.S.C.A., Tit. 18, § 3182. If the warrant issued by the Governor of the asylum state is deficient in thi-

respect, *such deficiency cannot be cured by evidence aliunde extrinsic of the recitals in the warrant.* Code of 1940, Tit. 15, § 54; Ex parte Shillings, supra. (Italics ours.)

\*    \*    \*    \*    \*    \*

"The record shows that the prisoner challenged the governor's warrant as void for not showing that he was charged in the demanding state by indictment or affidavit made before a magistrate. The prisoner was entitled to be discharged for that reason. Compton v. Alabama, 214 U.S. 1, 29 S.Ct. 605, 53 L.Ed. 885, 16 Ann. Cas. 1098, and authorities supra."

We are of course bound by the law as enunciated by the Supreme Court. It is our view that we must hold that the rendition warrant was deficient, and this being so, the allied papers cannot be examined to determine whether this prisoner was lawfully charged in Georgia.

We must conclude therefore that the order of the lower court was erroneous, and must be reversed. It is the further order of this court that the appellant be discharged from further custody in this proceeding.

Numerous other points are argued in appellant's brief. The above discussed point being, in our opinion, decisive of this appeal, we refrain from a consideration of them.

Reversed and rendered.

PRICE, J., recuses self.

On Rehearing.

HARWOOD, Judge.

In its brief in support of its application for rehearing in this cause the State, through the Attorney General, insists that we set out in our opinion on rehearing "a copy of the papers introduced in evidence in addition to the Alabama Governor's warrant, together with a statement in the opinion that said papers were offered without objection on the part of the petitioner. This request is made in order that the State of Alabama may have a full review of this case on certiorari."

We are glad to state, though we do not see its materiality, that the papers were received in evidence without objection.

We would also be glad to set out the allied papers introduced, if we thought that any merit attached to the request to set them out.

However, a reading of our opinion will disclose that the sole point on which we based our opinion was that under the doctrine of the Russell case, supra, a deficient rendition warrant cannot be validated by evidence aliunde and extrinsic of the recitals in the rendition warrant. We specifically refrained from a consideration of the other points raised in the respective briefs.

Presuming we are correct in our interpretation of the doctrine of the Russell case, supra, then we are precluded from a consideration of these allied papers. We can therefore see no purpose in setting them out. These papers cover some eight pages of transcript paper. If set out they would considerably increase the length of this opinion which in due course will be published in the reports of this court, in the Southern Reporter Advance Sheet, and in the Southern Reporter.

As the writer recalls, a former president of the American Bar Association once said in effect, in regard to the length of judicial opinions, that appellate judges should bear in mind while writing their opinions that they are in effect sending a collect telegram to the practicing lawyers within their jurisdictions, for it is this group that ultimately and largely bears the costs of publishing the reports of the opinions.

If the Supreme Court should disagree with the sole point on which based our conclusions, and hold we were in error in not considering the allied papers, then in the usual and regular order of proceedings this cause would be reversed to us for further consideration in line with the instructions contained in the order of the Supreme Court. Only in this event would any need arise for setting out these voluminous papers.

Application denied.

### After Remandment.

The Attorney General representing the State, has filed a motion to dismiss this appeal, on the grounds that the Governor of Alabama on July 31, 1952 withdrew the rendition warrant theretofore issued by him, commanding the arrest of this appellant and his extradition to Georgia, thus rendering moot the issues involved in this cause.

The motion is hereby granted and this appeal is ordered dismissed.

Appeal dismissed.